THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

v.

ELEANOR E. COLWELL, Adm'x.

1. NEGLIGENCE—COMPARATIVE—RULE AS TO.—Notwithstanding the party injured may have been guilty of only slight negligence, if that of the defendant, in comparison, amounts to gross carelessness, the plaintiff would not be debarred from recovery; but if the person injured failed at the time to use that care which a man of ordinary prudence would have exercised under like circumstances, then no recovery can be had, unless the negligence of the defendant was so gross as to amount to a wanton or willful wrong.

2. NEGLIGENCE IN SEEKING UNSAFE POSITION —INSTRUCTION. — An instruction which tells the jury that if the deceased, at the time of the injury was exercising ordinary care and prudence, etc., then he is entitled to recover, is erroneous, because it ignores the fact whether the deceased exercised ordinary care in venturing upon a prohibited and dangerous place in the first instance.

APPEAL from the Circuit Court of LaSalle county; the Hon. JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Mr. E. N. LEWIS, Mr. C. F. HOBERT and Mr. H. F. GILBERT, for appellant; that where there is no contest as to the facts, a verdict that is manifestly against the evidence will be set aside, cited Lewis v. B. & O. R. R. Co. 38 Md. 588; Bannon v. B. & O. R. R. Co. 24 Md. 108.

As to the result of a violation of the company's regulations: B. & O. R. R. Co. v. The State, 30 Md. 47.

A railroad company is not bound to anticipate extraordinary travel: Quinn v. Ill. Cent. R. R. Co. 51 Ill. 495.

The deceased not being in a proper place for passengers, no recovery can be had, even though the train had been grossly mismanaged: Willis v. Long Island R. R. Co. 32 Barb. 399; P. & R. I. R. R. Co. v. Lane, 83 Ill. 448.

The opinion of an expert must be predicated upon facts proved or admitted: Rouch v. Zehring, 59 Pa. St. 74.

Mr. D. P. JONES, for appellee; that even though both parties were negligent, if that of appellant was wanton or willful, a recovery can be had, cited C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; T. W. & W. R. R. Co. v. O'Connor, 77 Ill. 391; I. & St. L. R. R. Co. v. Galbreath, 63 Ill. 436.

Appellant was bound to do all that human care and foresight could reasonably do under the circumstances to secure a safe conveyance to deceased: Fuller v. Talbott, 23 Ill. 357; P. C. & St. L. R. R. Co. v. Thompson, 56 Ill. 138; Ind., etc. R. R. Co. v. Horst, 3 Otto, 276; C. & A. R. R. Co. v. Engle, 84 Ill. 398.

It is not necessarily negligence for a passenger to ride upon the platform of a car: Shearman & Redfield on Negligence, § 284.

Questions of negligence are facts to be determined solely by the jury: G. & C. U. R. R. Co. v. Yarwood, 15 Ill. 468; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313.

SIBLEY, J.   The declaration in this case contains several counts, charging that the appellant was a common carrier of freight and passengers between Streator and Ottawa, in the county of La Salle.   That in October, 1876, James N. Colwell took passage at Streator on one of the railroad company's freight trains, to which was attached a car for passengers, and that while temporarily standing on the platform of the passenger car, was, by the negligence of the employees of the company, suddenly jerked off and killed.

The train appears to have been loaded principally with coal, and in starting out from Streator, the switch-engine coupled on to the rear of the train, and pushed at it for several hundred feet, until near the summit of the grade, which arose at the rate of about thirty-three feet to the mile, when it was detached without any warning to the passengers on the platform, and the forward engine, in taking up the slack occasioned by the pushing of the one in the rear, after it became uncoupled from the train, produced, as was not an unusual occurrence, a considerable jerking movement, sufficient to throw Colwell off from the platform of the car, where he was standing with his back against the wheel of the brake, smoking a cigar, and was run over by the engine in the rear of the train.

On the trial of the cause in the Circuit Court of La Salle county, the jury found the defendant guilty, and assessed the damages in favor of the plaintiff, Eleanor E. Colwell, administratrix, etc., at $3,500.

The defendant appealed to this court, and has assigned several errors for reversing the judgment of the court below.

The main issue on the trial was a question of fact, involving the negligence of the opposite parties, that contributed to the accident.   For there is very little doubt that Colwell was guilty of some negligence in taking a position on the platform of the car, and remaining there while the train was in motion drawn and pushed up the steep grade, liable at any moment to be suddenly jerked by either the forward or rear engine.   There was room in the car, either standing or sitting, and cards were put up in a conspicuous place notifying passengers against standing on the platform.   Yet it appears that he continued

there, for the reason that he desired to finish his smoking. Nor do we wish to intimate that the jury, under the circumstances of the case, would not have been justified in finding that the employees of the company failed to exercise all the care required of them. The rule, as we understand it, is notwithstanding the party injured may have been guilty of only slight negligence, if that of the defendant in comparison amounted to gross carelessness, the plaintiff would not be debarred from a right of recovery. But if the person injured failed at the time to use the care which a man of ordinary prudence would have exercised under like circumstances, then no recovery can be had, unless the negligence of the defendant was so gross as to amount to a wanton or willful wrong. We had occasion to refer to some of the authorities upon this subject in the case of the Town of Earlville v. Joel Carter, decided at the June term of this court, 1878 (2 Bradwell, 34), and do not feel disposed to reconsider that question.

As the case must go to another jury, it is not thought proper to express any opinion upon the weight of evidence in respect to the comparative negligence of the parties at the time of the accident. But the testimony being of such a character as to require the most accurate instructions upon the law of the case, as has been repeatedly held, we shall confine our attention to that subject alone.

The first instruction given for the plaintiff was as follows:

1. "If the jury believe, from the evidence, that James N. Colwell was a passenger from Streator to Ottawa, upon a passenger car attached by the defendant to the rear of its freight train, for the purpose of carrying passengers; and if they further believe, from the evidence, that while said train was proceeding with said Colwell as such passenger thereon, on its way from Streator to Ottawa, the employees of defendant in charge of said train negligently and carelessly caused the same to be so suddenly and violently jerked as to cause the said Colwell to be thrown from the rear platform of said passenger car, where he was standing at the time, to the ground, and to be run over and killed by the locomotive of the defendant following said train; and if they further believe, from the evidence, that the

said Colwell was not guilty of negligence, but was exercising ordinary care and prudence at the time he was thrown from said platform, and that his death was caused solely by the negligence and carelessness of the defendant's employees in charge of said train in running and managing the same, then the plaintiff is entitled to recover."

This says to the jury, in substance, that if Colwell was exercising ordinary care at the time he was thrown from the platform, then, provided the defendant's negligence contributed to produce the injury, the plaintiff was entitled to recover; ignoring entirely the fact whether the deceased exercised ordinary care in venturing upon that prohibited place in the first instance. What he did after he ventured there might have been one thing, and the act of placing himself in that locality quite another; and the instruction, as held in the C. B. & Q. R. R. Co. v. Sykes, 1 Bradwell, 520, was erroneous. One of the main questions in the case was, whether a man of ordinary prudence would have placed himself upon the platform at all—not necessarily how he demeaned himself after having voluntarily exposed himself to the dangerous position.

The 8th instruction, in these words:

8. "Even if the jury should believe, from the evidence, that James N. Colwell was guilty of negligence in standing upon the rear platform of the passenger car attached to the rear end of the freight train, while said train was in motion, yet if they further believe, from the evidence, that defendant attached said passenger car to said freight train for the purpose of carrying passengers, and that said Colwell was a passenger thereon; and if they further believe, from the evidence, that the defendant's employees in charge of said train, and of the locomotive following it, negligently and carelessly caused said train to be so suddenly and violently jerked that said Colwell was thereby thrown from the platform of said passenger car to the ground, and immediately run over and killed by said locomotive; and if they further believe, from the evidence, that such negligence and carelessness of defendant's employees was gross when compared with the negligence of said James N. Colwell, the jury should find for the plaintiff," does not give a correct exposition

of the law, since it contains the general proposition that even though the jury believe, from the evidence, that Colwell was guilty of negligence in standing upon the platform of the car, etc., yet if it further appeared that the defendant's employees were guilty of gross negligence when compared with the negligence of Colwell, the jury should find for the plaintiff. The question arises, what was the comparison meant to be drawn? The degree of negligence that Colwell might have been guilty of is entirely omitted. Suppose he was guilty of more than slight negligence, or even of great recklessness, and the defendant was also guilty of gross carelessness. Then both would have comparatively been guilty in an almost equal degree. But under such a state of facts the plaintiff certainly could not have recovered, for the law does not recognize the grading of comparisons down to such a fine distinction. It is only where the comparison is between slight on the one hand, and gross on the other, that a recovery is allowable; and this important qualification is wholly omitted in the instruction.

Judgment reversed and cause remanded.

Reversed and remanded.