Chicago & Eastern Illinois Railroad Company

v.

David Roberts, Administrator, etc.

| 44 | 179 |
| 110 | 547 |

*Railroads—Personal Injuries—Negligence—Degree of Care Required of Person in Dangerous Situation—Instructions—Filing Bill of Exceptions—Practice.*

Where a person voluntarily places himself in a position of great peril, he is bound to exercise, not merely ordinary care, but care in accordance with the conditions surrounding him.

[Opinion filed March 19, 1892.]

In error to the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. W. H. Lyford, for plaintiff in error.

Messrs. Nelson Monroe and Charles T. Strattan, for defendant in error.

Waterman, P. J.    Appellee brought suit to recover the pecuniary injuries sustained by the death of Jane Roberts, alleged to have been killed by the negligent conduct of appellant in running one of its trains over a street crossing in the city of Chicago at a rate of speed prohibited by the city ordinances.  There was evidence tending to show that the deceased was not before and at the time of the injury

exercising ordinary care for her own safety; that she voluntarily placed herself in a dangerous place, into which a person of ordinary prudence would not, under the circumstances, have gone.

The jury were instructed that if the deceased at the time of the accident was exercising ordinary care for her safety, and if the defendant was guilty of negligence as alleged in the declaration, " and this negligence of the defendant caused the accident," then they would find the defendant guilty.

Under the evidence tending to show that the deceased voluntarily placed herself in a place of peril, this instruction, limiting the period at which she was bound to exercise ordinary care to the time of the accident, should not have been given. The giving of such an instruction under similar conditions was held to be error in C., M. & St. P. Ry. Co. v. Halsey, 133 Ill. 248–254.

The principle upon which such instruction is held vicious is discussed in C., B. & Q. Ry. Co. v. Caldwell, 3 Ill. App. 545; C. & N. W. Ry. Co. v. Clark, 2 Ill. App. 116; I. C. Ry. Co. v. Welden, 52 Ill. 290.

If the deceased voluntarily placed herself in a position of great peril, then she was bound to exercise care in accordance with the conditions by which she had voluntarily surrounded herself. Chicago & A. Ry. Co. v. Gretzner, 46 Ill. 74. The phraseology of the third instruction is such that the jury might have understood from it that the deceased, approaching a place well known to her to be dangerous, was bound to exercise only such care as prudent persons ordinarily exercise in ordinary affairs and places.

Some of the instructions given at the instance of the plaintiff are objectionable in that they were liable to be understood by the jury as an assumption by the court of certain facts that were in dispute.

A motion has been made by appellee to strike the bill of exceptions from the record. This motion is denied. Within the time limited for the filing of the bill of exceptions, the bill now in this record was presented to and left with coun-

sel for appellee for their inspection; by order of court the time for filing such bill was extended to one of the days of the December term of the court. At that term the bill now before us was filed, and counsel for appellee stipulated "that the original bill of exceptions, instead of a copy," might be inserted in the transcript of record to be filed in this court. We think that appellee by this and other conduct is estopped from now moving to strike this bill from the record.

For the error in giving the third instruction, the judgment of the court below will be reversed and the cause remanded.

The writer of this opinion desires to say that he regrets that the court is compelled to reverse the judgment in this case. It is conceded that appellant's train was running at a rate of speed prohibited by the ordinances. However it may now be looked upon, the time will come when to kill a human being by running a railroad train through the streets of a city having over a million of people, at a rate of speed forbidden by law, will be regarded and treated as manslaughter.

Motion to strike bill of exceptions from record denied.

*Reversed and remanded.*