110    545
a209s  429

## Chicago Union Traction Co. v. Emil Chugren.

1.  INSTRUCTIONS—*Employment of the Word "Usually" in Defining Ordinary Care.*—An instruction that if the plaintiff exercised the care to avoid danger that a person of ordinary prudence would usually exercise under the same or similar circumstances, the finding should be for the plaintiff, is proper.

2.  SAME—*Special Circumstances of the Case to be Considered When Examining.*—In examining instructions for error the special circumstances of the case must be considered.

Trespass on the Case, for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding.  Heard in this court at the October term, 1902.  Affirmed.  Opinion filed December 3, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

CASTLE, WILLIAMS & SMITH, attorneys for appellee; BEN M. SMITH, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

Appellee was injured November 21, 1900, in a collision between one of the cars of appellant and his wagon, at the intersection of Market and Lake streets, in the city of Chicago.  He was driving south, crossing the east and west street car tracks, when an east-bound electric car ran into his wagon, throwing him to the ground and thereby inflicting the injuries of which he complains.  The trial resulted in a judgment in his favor, from the entry of which this appeal was perfected.

Appellant complains of two instructions given to the jury at the request of appellee.  The first reads:

"1.  The court instructs the jury that in determining the amount of damages which the plaintiff is entitled to recover in this case (if the jury find from the evidence under the instructions of the court he is entitled to recover any damages) the jury have a right to and should take into consideration all the facts and circumstances in evidence before them; and they may consider the nature and

extent of the plaintiff's injuries, if any is shown by the evidence in this case; his pain and suffering, if any is shown by the evidence, resulting from such injuries; the permanent disability, if any is shown by the evidence, caused by said injuries; and any future pain or suffering or future inability to labor or transact business, if any, that the jury may believe, from the evidence, the plaintiff will sustain by reason of the injuries received."

It is asserted that this instruction is erroneous for the reason that it allowed appellee to recover for future suffering and for future inability to labor, although there is no sufficient evidence on either of these points; and they cite authorities which lay down the indisputable proposition.

" It is error to instruct the jury that the plaintiff may recover damages for an element of injury not shown by the evidence." But there is evidence here showing the likelihood of future suffering and of future inability to labor. Whether it is "sufficient evidence" was for the jury. Appellee swears that since the injury his right arm is partly disabled. He can not raise it over his head and it pains him when he attempts to lift a high load. That the sight of his right eye is impaired. The physicians say that the movement of the right arm is limited, and appellee will be hindered in doing certain work; that the visual defect is from one-quarter to one-third, is permanent and likely to grow worse. With this evidence in the record it was the duty of the court, when so requested, to instruct the jury that appellee might recover for "any future pain or suffering or future inability to labor or transact business, if any, that the jury may believe from the evidence the plaintiff will sustain by reason of the injuries received."

The second instruction reads:

" 2. The court instructs the jury that while it is true that if the plaintiff was guilty of contributory negligence, that fact alone would relieve the defendant company from all liability, yet in order to find the plaintiff guilty of contributory negligence you must believe from the evidence that the plaintiff failed to exercise that care merely which the law requires, and he is only required by law, to exercise such care and foresight as an ordinarily prudent man

possessing ordinary intelligence would exercise under circumstances similar to those surrounding the plaintiff at the time of the alleged injury. And if you believe from the evidence that the plaintiff in endeavoring to cross over the tracks of said company and while on said tracks, or either of them, exercised that care and foresight to avoid the danger that a person of ordinary prudence, caution and intelligence would usually exercise under the same or similar circumstances, then you should find that the plaintiff was not guilty of contributory negligence."

Counsel for appellant say that the instruction is erroneous because it tells the jury, as a proposition of law, that if the plaintiff exercised the care to avoid danger that a person of ordinary prudence would usually exercise under the same or similar circumstances, the finding should be for the plaintiff; that the word " usually " has no proper place in the instruction, and that by including it therein the law is incorrectly stated.

One of the definitions of the word " usually," as given by Webster, is " ordinarily." Omit the word from the instruction, and it will be seen that it or its synonym is implied therein. The court say, in Cronin v. Village of Delavan, 50 Wis. 375, that an instruction reading "ordinary care is that degree of care which persons of ordinary prudence would usually use under the same circumstances," is an accurate statement of what constitutes ordinary care.

In Wabash Ry. Co. v. Elliott, 98 Ill. 484, the court say :

" The law of this case required of the plaintiff that he should use ordinary care, considering his surroundings, that is, such care as men of ordinary prudence would usually exercise under the same or like circumstances."

Counsel also claim that this instruction is erroneous because it limits the care required of the plaintiff to the time of the accident, regardless of the fact that he voluntarily put himself in this position of danger, citing C., B. & Q. R. R. Co. v. Sykes, 1 Ill. App. 527; C. & E. I. R. R. Co. v. Roberts, 44 Ill. App. 179; I. C. R. R. Co. v. Farrell, 86 Ill. App. 438; N. Chicago St. R. R. Co. v. Cossar, 203 Ill. 608, and other similar cases. These authorities, holding that one can not blindly or voluntarily walk into a place

of danger and then recover if he exercised due care for his personal safety at the very moment he was hurt, as applied to the facts in each particular case, are the law. But here the instruction is not thus limited, either by its language or by the facts to which it is applicable. It reads:

" And if you believe from the evidence that the plaintiff in endeavoring to cross over the tracks of said company, and while on said tracks, or either of them, exercised," etc.

Appellee came from the north; the car which struck him was running on the south track of the two east and west tracks; and he approached the tracks, crossed the north one and was on the south track at the time of the collision. There is evidence tending to prove that when the motorman saw or could have seen appellee, the car was running at the rate of ten miles per hour and was 350 feet away from the place of the accident, and that the speed of the car for the last 150 feet, until the collision was inevitable, was increased to fifteen miles per hour. The jury might well have drawn the conclusion that if it had not been for this increase of speed appellee would have crossed this last track in safety.

In L. S. & M. S. Ry. Co. v. Ouska, 151 Ill. 232, where the deceased was killed by a fast train while attempting to cross the railway tracks, other and parallel tracks being occupied by other trains, the point was made that the phrase " at the time of the injury," found in a given instruction, was limited to the particular moment the deceased was injured; but the Supreme Court said:

" The words, ' at the time of the injury,' as used in that instruction, have reference to the whole transaction and all that occurred from the time the deceased reached the tracks until he was killed. L. S. & M. S. Ry. Co. v. Johnson, 135 Ill. 653; C. & A. R. R. Co. v. Fisher, 141 Ill. 625."

The rule that the special circumstances of the case must be considered, when the instructions given are subjected to criticism, distinguishes the Cossar case and others of like kind from the Ouska case and others of its class.

The judgment of the Superior Court is affirmed.