## CODNER vs. THE TOWN OF BRADFORD.

HIGHWAY — PROOF OF DUTY OF TOWN TO MAINTAIN, ETC. — Where a town recognizes the existence of a highway by the expenditure of labor and taxes in its repair under the direction of its officers, and by keeping it open for travel; in an action brought to recover damages

sustained by reason of its defective and insufficient condition, it is estopped from denying its existence as a highway and its duty to keep it in repair. *Houfe v. Town of Fulton*, 34 Wis., 608.

(3 Chand., 291.)

ERROR to the Circuit Court for *Rock* County.

Action on the case brought by *Codner* against the town of *Bradford* to recover damages sustained by reason of the insufficiency of a bridge in that town over a creek; he having attempted to pass over it in a careful manner, the bridge broke down and his team was precipitated into the gulf below and one of his oxen was killed and his wagon broken, etc. After proving the insufficient and unsafe condition of the bridge at the time the injury occurred, and for a considerable time previous, and the occurrence of other injuries for that cause, the plaintiff proved that the road on which the bridge was built had been laid out and opened and used as a highway by the inhabitants of the town and the public generally for more than six years previous; that the town of *Bradford* had for more than three years assumed and exercised jurisdiction over the road, by making erections and repairs upon the bridge in question, and by appropriating money and highway labor, raised and appropriated by the town for highway purposes; upon the bridge and highway in question; that the road was surveyed and laid out, and that directly thereafter it was opened and used as a public highway, and was thenceforward continued as such.

The counsel for the town insisted and argued, that the existence of the road, as constituting a public highway, had not been proved; that the legal establishment of the road could only be evidenced by the production of the application for laying it out, the original survey and plat, and the record of the commissioners approving thereof, and the commissioners' directions for opening and working the road; or by proving the existence and use of the road as a public highway for twenty years.

Codner vs. The Town of Bradford.

The county court, after hearing the evidence, decided and ruled that the road, as a highway, could only be proved by record evidence, or that it had been open and used as such for twenty years. Judgment passed for the defendant, and the plaintiff sued out this writ of error.

*D. Noggle*, for plaintiff in error, cited R. S., ch. 16, § 103; *Reed v. Northfield*, 13 Pick., 94 ; *Worster v. Canal Bridge*, 16 id., 541 ; 1 Gilm., 4–15 ; *Tate v. State*, 5 Blackf., 74 ; 3 Chitty Crim. Law, 570 ; 3 Term, 265 ; 2 id., 146 ; 14 Vt., 288, 443, 280 ; 2 Greenl. Ev., 622–662 ; 19 Johns., 365.

*S. J. Todd*, for defendant in error :

The evidence of the laying out of a highway under the laws of the territory or state of Wisconsin is a matter of record, and it must be proved in the same manner as other records. R. S., 176, sec. 55 ; id., ch. 107, sec. 6 ; Greenl. Ev., 86 and 50. A town is only bound to repair legal highways. R. S., ch. 59, sec. 5 ; 13 Pick., 97 ; 1 id., 180, 189 ; R. S., ch. 16, sec. 80 ; 7 Wend., 145. No road in this state is a legal highway unless laid out pursuant to the provisions of laws of the United States or the state or territory of Wisconsin, or unless the same has been used for twenty years. R. S., ch. 4, sec. 1 ; 2 Johns., 424 ; 7 id., 106 ; 9 id., 365 ; 17 id., 277 ; 2 Cow., 426 ; 2 Greenl. Ev., 662.

KNOWLTON, J. The evidence in this case clearly shows that the town of *Bradford* recognized the road in question as a legally constituted highway. The means provided by law to make and improve highways so as to render them safe for traveling, has been expended upon this road by the agents (the officers) of the town. Thus it proclaims to the world that this road was one of its public highways, and it is therefore estopped from denying it to be such in an action for the recovery of damages sustained through the neglect of officers or agents of its own appointment. If labor and taxes were expended upon a road not established in accordance with the law, it is the

fault of the town, and it cannot be permitted to take advantage of its own wrong. It would be a harsh rule to require a person to search the records and survey the traveled roads, to ascertain if all the minutiæ of law had been complied with, and the public money and labor had been expended upon the exact route laid out and surveyed, before he could travel in safety, though he may have paid taxes and worked for that very security that the law declares he shall have while traveling upon the public highways. In an action like the one under consideration, it is only requisite to prove that the road was one in fact, and so recognized by the town through its legally constituted agents, in order to make it liable in damages.

The authorities relied upon to sustain the judgment of the court below apply to cases where the town sues to enforce the right of way against a person claiming title to lands over which the highway passes. We hold that the requirements of law for keeping records, etc., are for the protection of the town in maintaining the right of way over lands upon which the road has been located, against the world. In an action of that nature, it might be necessary to prove a compliance with the law, in order to maintain the suit. The rule is clear that *prima facie* evidence is sufficient to maintain an action against a *quasi* corporation, for damages through the neglect of its officers.

We are clearly of opinion that the judgment of the county court of Rock county is erroneous, and should be reversed.