## McCabe vs. The Town of Hammond.

MUNICIPAL CORPORATIONS: HIGHWAYS. (1) *Duty of overseer of highways under ch.* 343, *Laws of* 1864. (2) *When chargeable with notice of effect of storm.* (3, 4) *Obstruction of highway by snow drifts —When town liable for negligence.— Court and jury.*

1. Under ch. 343, Laws of 1864 (Tay. Stats., 487, § 45), it is the duty of each *overseer of highways*, whenever any portion of the highways in his district is rendered *impassable by snow drifts,* " to call out, upon one day's notice, the tax payers of said district, and immediately put said part or parts of said highways in passable order."

2. After a heavy fall of snow, accompanied by high wind, in any district, the overseer therein is *chargeable with notice* of the probable effects of such storm, and it is his duty to ascertain where the highways are obstructed by snow, and take steps to remove the drifts.

3. In an action for injuries received by plaintiff in consequence of the highway being obstructed by a snow drift, it appeared that the drift formed on Tuesday, that the wind continued to drift the snow on Wednesday, that it snowed again Thursday morning, though the wind had fallen, and that the accident occurred on Friday forenoon. *Held,* that the town was not *chargeable with negligence,* nor liable in the action, unless, in the exercise of reasonable care and diligence by the overseer in giving notice to tax payers, the drift could have been removed before plaintiff was injured; and this was a *question for the jury* to determine from all the circumstances.

4. It was error, therefore, to instruct the jury that the town would not " be relieved from its liability by showing *ordinary care.*"

APPEAL from the Circuit Court for *St. Croix* County.

Action to recover damages for personal injuries alleged to have been received by the plaintiff by reason of a defect in one of the public highways in the defendant town. The defect complained of was a snow drift which rendered the track usually travelled impassable for teams; and the plaintiff was injured by the upsetting of his sleigh when he was attempting to drive around the drift. This occurred during the forenoon of Friday, February 16, 1872. It appears that on the Tuesday preceding, there was a severe snow storm, accompanied by a heavy wind, which caused the snow to drift badly, and pro-

duced the drift at the place where the plaintiff was injured. The testimony, although conflicting, tends to show that the wind blew on Wednesday sufficiently hard to cause the snow to continue to drift, and that it stormed on Thursday morning, although the wind had then abated.

The instructions upon which the decision of the case turns, are set out in the opinion.

Verdict and judgment for the plaintiff; defendant appealed.

*Henry C. Baker* and *John C. Spooner*, for appellant, contended, among other things, that in a case of this nature the liability of the town was not absolute (*Ward v. The Town of Jefferson*, 24 Wis., 344); that the instruction given by the court that "the town is held to a strict performance of its duty and will not be relieved from its liability *by showing ordinary care,*" was therefore gross error, since it excluded from the jury all question as to reasonable diligence or ordinary care; and that this error was not cured by afterwards giving a contradictory instruction.

*Henry A. Wilson, contra*, argued that, under the decisions of this court in *Cuthbert v. The City of Appleton*, 22 Wis., 642, and *Ward v. The Town of Jefferson*, 24 id., 342, the rule is, that the town authorities must use "reasonable diligence" and "proper care" in ascertaining whether any highways in the town are out of repair by reason of some action of the elements, such as winds, etc. The evidence in this case shows that the highway became suddenly out of repair on Tuesday, by reason of a heavy fall of snow accompanied by a strong wind; that the snow storm ceased on Tuesday, but there was some wind on Wednesday, and that Thursday, the day before the accident, was a clear day. The testimony of all the witnesses is clear that the storm on Tuesday was one of more than ordinary severity, distinctly remembered by every witness, and such that the town authorities must have known that defects were liable to occur in their highways, and by the exercise of reasonable diligence might have known of the defect in question. And

the question whether reasonable time had elapsed to enable the town with reasonable diligence to remove the obstruction, was regarded by the court below as one of fact, and, at the request of the defendant, left to the jury to determine. The judgment should therefore be affirmed.

LYON, J.   The statute makes it the duty of overseers of highways, whenever any portion of the highways in their respective districts is rendered impassable by snow drifts, "to call out, upon one day's notice, the tax payers of said districts, and immediately put said part or parts of said highways in passable order."   Laws of 1864, ch. 343 (Tay. Stats., 487, § 45). The statute contains other provisions prescribing the powers and duties of the overseers when it is impracticable to remove the drifts, but these have no application to this case.   Compliance with this statute will relieve the town from all liability to pay damages caused by snow drifts.  A failure to comply therewith is negligence on the part of the town.   In this case, therefore, if sufficient time elapsed after the drift was formed and before the plaintiff was injured, for the proper overseer to have removed it by employing to that end the means provided by the statute, the town is guilty of negligence, and has failed in the performance of its duty in that behalf.

The proper overseer was chargeable with notice that the effect of the storm was to produce drifts in the highways in his road district.   He knew the violence of the wind, and the quantity of snow which fell during the continuance of the storm, and, by the exercise of a very little judgment, he might have formed a correct opinion of the effects which would naturally follow those causes; and it was his manifest duty to ascertain where the highways were obstructed by the snow, and to take steps to remove the drifts.

Under the statute, it was the duty of the overseer, within a reasonable time after the snow ceased to drift, to call out the tax payers of his district in the manner prescribed in the stat-

ute, and to remove the drift which was the cause of the injury to the plaintiff. The jury are to determine, from all the circumstances of the case, when the notices to such tax payers should have been given. If, in the exercise of reasonable care and diligence in giving such notices, the drift could have been removed before the plaintiff was injured, the town is chargeable with neglect of duty. Otherwise the town is not liable in this action.

Hence, in order to determine whether the town was negligent, we must inquire whether the drift would have been removed before the time when the plaintiff was injured, had the proper overseer used reasonable care and diligence to remove it by employing for that purpose the means which the law placed at his disposal. As before stated, this is a question for the jury to determine, upon due consideration of all the facts in the case. The question of reasonable care and diligence is therefore involved in the issue; and it results therefrom that the following instruction given to the jury at the request of the plaintiff cannot be upheld: "The town is held to a strict performance of its duty, *and will not be relieved from its liability by showing ordinary care.*" This is a material error, and fatal to the judgment.

It is true that the court, afterwards, at the request of counsel for the defendant, gave the jury correct instructions on the same subject; but that did not cure the error. We cannot say that the jury disregarded the first and erroneous instruction, and based their verdict entirely upon the last and correct one. The rule sanctioned and acted upon by this court is, "Where erroneous instructions are given for one party, the error is not corrected by giving for the other party instructions explanatory of, inconsistent with, or contradictory to, those first given." *Imhoff v. The Chicago & Mil. R'y Co.*, 20 Wis., 344. See also *Hopkins v. Langton*, 30 id., 379.

It is not deemed necessary to determine the other questions discussed on the argument.

Vol. XXXIV.— 38

*By the Court.*— The judgment of the circuit court is reversed, and a *venire de novo* awarded.