CRONIN VS. THE VILLAGE OF DELAVAN.

*October 15 — November 10, 1880.*

SIDEWALK. *(1) How village estopped to deny highway. (2, 3) Charter construed as to duty of lot-owner to maintain a certain foot path and railing.*

REVERSAL OF JUDGMENT. *(4) When refusal of correct instruction not fatal.*

1. After allowing a footway along a village street to be used as a public way for many years, and after the proper village officers have taken charge of it and expended money and labor upon it, the village cannot avoid liability for injuries caused by the defective condition of such footway on the ground that it was never formally adopted by recorded resolution or vote.

2. In the middle of a street ninety-nine feet wide was a traveled wagon track upon an embankment twenty-four feet wide, raised several feet above the adjacent ground; and on one side of this embankment was a plank walk, one edge of which rested on the embankment, while the other was supported upon posts; so that the footway was difficult of access from the adjoining lots on that side, and thirty-five feet distant from that part of the lots not included in the street. A railing had been constructed along the outer edge of the footway, but had been broken down at the place of the accident. *Held,* that under a village charter by which lot-owners might be required to construct and repair sidewalks in front of their lots, they could not be required to maintain such *railing.*

3. Whether such a footway as that above described could be regarded as a *sidewalk* within the meaning of the charter, which the lot-owner could be required to repair, and whether the primary duty of keeping sidewalks in repair is not upon the village until *notice* given the lot-owners to repair, *quære.*

4. The evidence of contributory negligence was very weak, and the court instructed the jury that plaintiff could not recover if he did not use ordinary care, and if his failure to do so contributed directly to produce the injury, and that "ordinary care is that degree of care which persons of ordinary prudence would use under the same circumstances;" but it refused to instruct them that "a slight want of ordinary care" on plaintiff's part would defeat the action. *Held,* that, as there is no reason for believing that the jury were misled by such refusal, it is not sufficient ground for reversal of a judgment for the plaintiff.

APPEAL from the Circuit Court for *Walworth* County.

Action to recover damages for personal injuries received by

Cronin vs. The Village of Delavan.

the plaintiff by reason of an alleged defective street or side-walk in the defendant village.   The facts are briefly as follows: Walworth avenue, in said village, is a public street, extending east and west across a stream of water bordered on either side by low grounds.   The avenue is 99 feet wide, and the traveled track is upon an embankment in the center thereof, 24 feet wide, raised several feet above the original surface of the ground.   At the point where plaintiff was injured, it was about six feet high.   On the south side of this embankment, on a level with or a little below it, is a walk, four feet wide, for foot passengers.   The north end of this walk rests on the embankment, and the south end projects beyond it, and rests upon posts set south of the embankment.   The distance from the sidewalk to the south line of the avenue is about 35 feet. On the south side of the walk a railing had been constructed, but at the point of the accident about 25 feet of it had been broken down several months before, and remained in that con-dition at the time of the accident.   Passing along such side-walk on a very dark night, the plaintiff fell through the space where there was no railing, to the ground below, and received the injuries complained of.   The evidence tends to show that the sidewalk in question was constructed by the street com-missioner of the village, pursuant to the direction of the vil-lage board of trustees, as early as 1864, perhaps earlier, and that it has been since repaired or rebuilt from time to time under the direction of such commissioner.   There is no rec-ord, however, of any official action of the board of trustees in the premises.

For the purpose of founding a claim, under certain provis-ions of the village charter, that the plaintiff himself, and not the village, was primarily bound to keep the sidewalk in re-pair, and hence could not recover for injuries caused by his neglect to do so, the defendant offered to prove, by proper deeds of conveyance, that the plaintiff was, and for several years had been, the owner of the land abutting on the avenue

south of the place where he was injured. The court rejected the evidence. The complaint avers that the plaintiff was injured without fault on his part, and the testimony tends to prove that when injured he was exercising due caution and care to avoid the accident. The instructions to the jury are sufficiently stated in the opinion.

The plaintiff recovered, and defendant appealed from the judgment.

For the appellant there was a brief by *A. Bennett*, its attorney, with *Bennett & Sale* of counsel, and oral argument by *J. R. Bennett*.

For the respondent there was a brief by *R. R. & S. W. Menzie*, his attorneys, with *H. F. Smith* of counsel, and oral argument by *Mr. Smith*.

LYON, J. 1. Walworth avenue, including the footway thereon from which the plaintiff fell, was a public street in fact, and had been long recognized as such by the defendant village through its legally constituted officers or agents. It was not necessary to prove by record evidence that the board of trustees of the village had formally adopted or recognized the footway as a public way, in order to hold the village liable for damages resulting from defects therein. After allowing it to be used continuously for many years as a public way, and after assuming charge of it as such, evidenced by the expenditure of money and labor upon it under the supervision and direction of the proper village officers, the village cannot now be heard to allege that it has never formally adopted it by recorded resolution or vote. The court so instructed the jury. Such has been the settled law of this state ever since *Codner v. Bradford*, 3 Pin., 259, was decided — nearly thirty years ago. For a full discussion of the subject see *Houfe v. Fulton*, 34 Wis., 608, and the cases there cited.

2. We greatly doubt whether, under the charter of the defendant village, the expense of building or repairing a side-

walk or footway constructed, as was the one in question, 35 feet from the line of the street, and the side of it towards such line resting on the tops of posts six feet high, thus rendering it practically inaccessible directly from the abutting lots, can lawfully be charged upon such lots. It is only the cost of *sidewalks* that is made so chargeable by the charter; and it seems a forced construction of language to hold that such a structure is a *sidewalk* within the meaning of the charter. P. & L. Laws of 1868, ch. 502, sec. 49. Statutes like this operate, or may operate, to divest the citizen of his property without his consent. Speaking of statutes enacted to cure defects in a former statute, which cast the burden of a street improvement on the abutting lots, this court said, in *Dean v. Charlton*, 27 Wis., 522: "It must be remembered that they are in derogation of the rights of the citizen who may be affected by them, in that they compel him to bear burdens which had been unlawfully imposed, or attempted to be imposed, upon him, and which he would not be compelled to bear but for those laws. It is probably too late to question the power of the legislature to pass retroactive statutes of this character; but to do so is a very great stretch of legislative power, frequently of doubtful expediency, the exercise of which is liable to do great injustice to individuals. It seems obvious that such statutes should be strictly construed. A due regard for individual rights, and the plainest principles of justice, require that they should have only the effect which the legislature clearly intended that they should have, and that in construing them all reasonable doubts as to such intent should be resolved in favor of the citizen." Applying the principle there enunciated to the statute under consideration (and we think it should be applied), it is difficult to perceive how the lots abutting on Walworth avenue could lawfully be charged with the cost, or the owners thereof with the duty, of keeping the structure in question in repair.

We also greatly doubt whether the charter imposes the

primary duty upon the owners of lots to keep the sidewalks abutting on their respective lots in repair, but incline to the opinion that such primary duty is with the municipality, where it remains until notice to repair is given pursuant to section 49.

The propositions above suggested are not here determined, for the reason that we have reached the conclusion that the railing, the absence of which caused the plaintiff to fall from the footway, is not a part of such way in any sense which will operate to charge the abutting lots with the expense of constructing it or keeping it in repair. This conclusion necessarily results from the strict rule of construction which, as we have seen, must be applied to the charter provision, as well as from the obvious fact that the railing was as much for the protection of teams as footmen. The footway, being on a level with the street, or perhaps below it, was evidently an insufficient barrier to prevent teams going off the embankment, and it may well be that the railing was of greater utility in securing the safety of travelers in vehicles than of footmen. So, if it be conceded that the plaintiff owned the abutting lot and was primarily bound to keep the footway in repair, and that his lot could lawfully be charged with the expense of repairing it, still, under the circumstances of this case, we must hold that the defendant's charter imposes no such obligation upon him, or charge upon his lot, in respect to the railing.

It follows that the proof of plaintiff's title to the abutting land, offered on behalf of defendant, was entirely immaterial, and was properly rejected by the court.

3. The remaining errors assigned are based upon exceptions to the charge of the court to the jury, and the refusal by the court to give certain instructions proposed on behalf of the defendant. The questions whether the accident was caused by the alleged defect in the walk or street, and whether the plaintiff, when injured, was in the exercise of ordinary care and caution, were fairly submitted to the jury. An accurate

statement of what constitutes ordinary care was also given. The following brief extracts will serve to illustrate the general character of the charge: "Ordinary care is that degree of care which persons of ordinary prudence would usually use under the same circumstances. . . . If you find that the plaintiff did not use ordinary care, and that his neglect to use such care contributed directly to produce the injury, then your verdict should be for the defendant." We find no error in the instructions.

The court refused to instruct the jury, as proposed on behalf of the defendant, that a slight want of ordinary care on the part of the plaintiff would defeat the action. In *Otis v. Janesville*, 47 Wis., 422, which was also an action to recover damages for personal injuries alleged to have been caused by a defect in a highway, a judgment for the plaintiff was reversed because the court below refused to give a similar instruction. In that case, however, there was very convincing proof that the plaintiff, or, what is the same thing, the driver of the team after which she was riding, was guilty of very great negligence, which contributed directly to the injuries complained of. Besides, the court instructed the jury that slight negligence of the driver would not defeat the action, without explaining the recognized distinction between slight negligence and a slight want of ordinary care. Under these circumstances we thought the jury might have been misled by the instruction given, and that had the above distinction been pointed out to them, as it would have been had the proposed instruction been given, the verdict might have been for the defendant. But this case presents no such features. The evidence tending to show contributory negligence on the part of the plaintiff is quite weak and inconclusive, and the jury were not instructed that slight negligence on his part would not defeat the action.

It is true that in one part of the charge the learned circuit judge, as in *Otis v. Janesville*, said that want of ordinary care

Kelley, Adm'r, vs. The Chicago, Milwaukee & St. Paul R'y Co.

by the plaintiff, which contributed *in any material degree* to the injury, would defeat a recovery. But the jury must have understood from the whole charge that any want of ordinary care on his part, however slight, which contributed directly to the injury, would be fatal to the action.

We find nothing in the evidence or charge of the court leading us to believe that the instruction refused was necessary to prevent misapprehension by the jury of the law of the case, or its application to the facts proved.

It follows that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.