Vass vs. The Town of Waukesha.

VASS, Respondent, vs. THE TOWN OF WAUKESHA, Appellant.

*April 25 — May 15, 1895.*

*Highways: Personal injuries: Temporary track through snowdrift: Negligence: Remarks of judge: Instructions to jury.*

1. A remark of the trial judge as to the meaning of a statute, made when there was no question before the court and to which no exception was taken, cannot be held error.

2. In an action for personal injuries sustained by plaintiff while driving back upon the turnpike from a temporary track which had been opened through snowdrifts at the side of the turnpike, the refusal to instruct the jury that if the town officers deemed it impracticable to keep the snow out of the traveled track they had a right to open a track on the side thereof was not error, where the general charge was to the effect that if the road at the point in question was in a reasonably safe condition it was not defective.

3. A charge defining negligence as a want of that care and caution which a person of ordinary intelligence and judgment would use under like circumstances, and stating that the care required is the care ordinarily exercised by persons of ordinary judgment and prudence, was not erroneous.

APPEAL from a judgment of the circuit court for Waukesha county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

Personal injuries. The plaintiff was driving his team, attached to a pair of bob-sleighs, along a highway of the defendant town, March 7, 1893. There was a wagon box on

the sleigh loaded nearly full of corn, with two tiers of bags filled with oats upon the corn, and the plaintiff sat on one of the bags of oats. While so driving, he came to a spot in the highway where the snow was drifted to the depth of several feet and was practically impassable, and where a way had been cleared for teams at one side of the turnpike and partially in the ditch or depression running alongside the turnpike, which was eighteen inches or more in depth. This temporary track was several rods in length, running in the ditch or depression, and then came back onto the turnpike again, and this condition of things had existed for ten days or more. The plaintiff turned onto this temporary way, and when he was driving back again upon the turnpike the sleigh slewed upon the icy ascent, throwing him off and dislocating his shoulder.

The jury returned the following special verdict: " (1) Was the graded track of the highway in question blocked up by snowdrifts on the 7th day of March, 1893? *A.* Yes. (2) For how long had it been so blocked before said 7th day of March? *A.* Ten days. (3) Was the highway defective at the point where the accident occurred? *A.* Yes. (4) If you answer the last question, ' Yes,' for how long had it been so defective? *A.* For ten days. (5) Was the plaintiff guilty of negligence which contributed to the accident? *A.* No. (6) If you answer the last question, ' Yes,' in what did the negligence consist? . . . (7) Is the plaintiff's injury permanent? *A.* Yes. (8) Was the plaintiff's want of care or failure to follow the direction of the surgeon the cause of the injury being permanent? *A.* Yes. (9) What damage has the plaintiff suffered by reason of the injury? *A.* $700."

Judgment was entered on this verdict for the plaintiff, and the defendant appealed.

For the appellant there was a brief by *Ryan & Merton,* and oral argument by *E. Merton.*

For the respondent there was a brief by *D. S. Tullar*, attorney, and *D. H. Sumner*, of counsel, and oral argument by *Mr. Tullar*.

WINSLOW, J.   Sec. 1249, S. & B. Ann. Stats., provides that when any part of the public highway is blocked by snow-drifts, so as to be impassable, the overseer of highways shall, on one day's notice, call out the taxpayers of the district and put the same in passable order.   Some discussion was had between counsel and the trial judge as to the exact meaning of this statute, before any testimony was taken in the case, and the trial judge stated that in his opinion the statute contemplated that the overseer is required to open the *traveled track* of the highway and make it reasonably safe for travel.   Counsel for defendant now seek to assign error upon this remark, but no exception was taken to it, nor was any question then before the court, and it is plain that, under these circumstances, whether the view of the law so announced was right or wrong, there is no error.

The following instruction was asked by the defendant, and refused, except so far as given in the general charge: "If the town officers deemed it impracticable to keep the snow out of that portion of the highway that had been traveled, but instead saw fit to open a track on either side of the usual traveled track, I charge you that they had a right to do so, and the only thing that is required of the defendant town is to keep the public highways of the town in such condition that they are reasonably safe for the public to travel on; and the town is required in the law to keep the public highways clear from snow and ice, so that they are safe, or reasonably so, for travel, and a track anywhere between the fences of the highway that is reasonably safe to travel is a sufficient compliance on the part of the town to relieve it from liability."   The trial judge charged the jury upon the subject generally as follows: "Was the highway defective at the

point where the accident occurred? The law in this state requires that towns and municipalities shall keep their streets and highways in a reasonably safe condition for the passage of travelers by night and by day, summer and winter. The law does not undertake to establish what is a reasonably safe condition of the highway. That depends oftentimes upon a variety of circumstances, but it is left for the jury to say, to apply their knowledge and experience in such matters, and to say whether a given highway is in a reasonably safe condition. The town is not an insurer. The law does not require nor does the town undertake to make a highway perfectly safe, so that no accident can happen; but they are required and it is their duty to make them, in view of the circumstances, the character of the highway, and the season of the year, to make them in a reasonably safe condition. And what is reasonably safe is a question for the jury, under all the circumstances as shown by the evidence. You can see at once that in what might be called a by-road, where there was no great amount of travel, or in a new country where there was a great deal of timber, they could not put the road — they would not be required to put the road — in as good condition as they would in an old, settled country and a road that was very much used and traveled. So you are to take this evidence, all the evidence bearing upon the case, upon this question, all the surrounding circumstances as shown by the evidence, and say, Was the road, at the point where the accident happened, in a reasonably safe condition? It doesn't make any difference in what condition the road was, except that time, the very point where the accident occurred, where they turned upon the side track onto the traveled track. It doesn't make any difference how many people passed there and have been tipped over, nor does it make any difference how many people have passed there in safety. The whole question to be answered is, Was the road itself in a reasonably safe condition for the passage

of teams? And below that question you will answer 'Yes' or 'No,' as you may find the fact to be."

We think this general charge covers the subject quite as fully as was necessary. It is certainly sufficiently favorable to the town. Probably it would have been proper to have charged that the town officers had a right to open a track on the side of the traveled track if they deemed it impracticable to keep the snow out of the traveled track; but the charge as given in effect so holds, because it virtually says to the jury that if the road was in a reasonably safe condition it was not defective. This means that if the temporary track was reasonably safe then there was no defect, and this covers the whole point.

Some criticism is made of the definition of negligence which the court gave to the jury. The court charged that it means want of that care and caution which a person of ordinary intelligence and judgment would use under like circumstances; also, that the care required is the care ordinarily exercised by persons of ordinary judgment and prudence. We do not see that fault can be found with these definitions.

There are no other questions which require to be noticed in detail. The case seems to have been fairly tried.

*By the Court.*— Judgment affirmed.