TOM LAWRENCE, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Objection to an instruction of the court to the jury based upon the manner of delivery of the instruction, and not upon its substance, can not be considered when the record does not disclose the manner of its delivery and it is described only in the brief of counsel.

2. The propriety of remarks of the court to the jury not excepted to in the court below will not be considered here.

3. Evidence of an experiment whereby to test the truth of testimony that a certain thing occurred is not admissible where the conditions attending the alleged occurrence and the experiment are not shown to be similar.

4. Evidence that the stepdaughter of a defendant charged with murder was shot by deceased in the afternoon of the day he was killed is admissible as tending to show motive in the defendant.

5. An alleged error of the court below appearing in the brief of counsel, but not presented by the assignments of error filed in the case, will not be considered.

6th. The evidence is sufficient to support the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the Court.

*Daniel Campbell & Son,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

MAXWELL, J.

The plaintiff in error was convicted of the crime of murder in the second degree, and sued out writ of error from this court.

His first assignment of error is based upon the action of the Circuit Judge in cautioning the jury that "the jury are expected to stay awake during the progress of this trial, and if one of you should go to sleep while a witness is testifying it would be a ground for a new trial in the event of a conviction." It is urged that in delivering this instruction the pause of the trial judge before the words "in the event of a conviction" tended to produce the impression upon the jury that the judge thought the defendant guilty. The manner of the delivery of this caution is not reproduced to this court, nor does the record attempt to describe it. But even if the remark as made by the judge was improper, no exception was taken to it in the court below, and it can not be considered here. Garner v. State, 28 Fla. 113, 9 South. Rep. 835; Roten v. State, 31 Fla. 514, 12 South. Rep. 910; People v. Shelters, 99 Mich. 338, 58 N. W. Rep. 362; Vass v. Town of Waukesha, 90 Wis. 337, 63 N. W. Rep. 280.

The second and sixth assignments will be considered together. The first of these relates to the refusal of the trial court to admit evidence as to the dangerous character of the deceased. He was killed by a shot in the back while sitting with companions around a light at night. The testimony, therefore, was not offered in aid of a plea of self-defense, but as tending to show that some third person may have been the assassin. The sixth assignment complained of the action of the court in excluding from the jury testimony that one Will Smith and the deceased Jesse Johnson had been paying,

attention to the same girl, and a week before he was killed Johnson said to a witness that "Smith is trying to go between him and the girl, and that he was going to do something about it," and that on the day before the shooting he said to the witness "I got to do that thing, that that fellow was trying to come between him and that girl." This testimony, too, is offered for the pur- pose of showing that some one other than the defendant had a motive for killing Johnson. These very vague threats were uttered by the deceased. No action look ing to their execution is shown, nor were they commu nicated to Smith, and no evidence is offered tending to show that Smith did in fact commit the crime.

The question, to what extent one charged with a crime may defend by showing some third person to be the guilty party, has often been before the courts and is discussed in the following cases: Banks v. State, 72 Ala. 522; Levison v. State, 54 Ala. 520; State v. Beau det, 52 Conn. 536, 4 Atl. Rep. 237; State v. Hawley, 63 Conn. 47, 27 Atl. Rep. 417; Commonwealth v. Abbott, 130 Mass. 472; State v. Davis, 77 N. C. 483; State v. Gee, 92 N. C. 756; State v. Lambert, 93 N. C. 618; Ex Parte Gilstrap, 14 Tex. App. 240; Murphy v. State, 36 Tex. Crim. Rep. 24, 35 S. W. Rep. 174; Crookham v. State, 5 West Va. 510. None of them authorizes an ac- cused to defend by raising so vague a suspicion of guil! in another as is attempted here, and the court below committed no error in excluding such testimony.

One Mason, a State witness, had testified that he lived 120 yards from the defendant's house, on the opposite side of it from that on which Johnson was killed; that he heard the shot fired and just afterward heard persons running. One passed witness' house. He then heard another running beyond defendant's house from the

direction of the house of one Moore, which was in the direction of the shooting, and some one stopped just above the defendant's house and went into his gate. The defendant offered the testimony of one Baty to the effect that he had gone to Mason's house and had a man run from Moore's house to the house of defendant, and did not hear him except when he fell over a stump. This testimony was rejected by the court and this ruling forms the basis of the 4th and 5th assignments of error.

In order that experimental evidence of this nature should be valuable or even admissible, it must appear that the experiment was performed under conditions similar to those existing at the time of the event to be tested thereby. 12 Am. & Eng. Ency of Law 406, 2nd ed. The inference sought to be raised by the evidence was, of course, that Mason heard the defendant running as stated, and it was this which the defendant sought to rebut. The point to be determined by experiment was whether the defendant could be heard running as stated. Whether the runner making the experiment was as compared with the defendant large or small, a light runner or a heavy one, whether the atmospheric conditions and the general conditions as to noise or quiet were similar to those existing when Johnson was shot, and whether the sense of hearing in the two men was equally keen, the court was not informed. Evidence of the test was therefore properly excluded.

It is assigned as error that the court permitted the introduction of testimony that the deceased, Johnson, in the afternoon of the day he was killed, shot the step-daughter of the defendant. This was evidence pertinent as showing a motive for the act charged against the defendant, and its admission was proper.

Under an assignment based upon the denial of a new

trial by the court below, the plaintiff in error contneds that the verdict is not supported by the evidence. The contention is without merit. The *corpus delicti* was clearly shown by direct evidence. In addition to circumstantial evidence along the lines indicated in the previous pages of this opinion pointing to the defendant as the guilty party, there is the evidence of two witnesses, companions and fellow-laborers of the defendant, who testify that he admitted to them that he had killed Johnson for being a bully and for shooting his, the defendant's stepdaughter.

This disposes of all the errors alleged on behalf of the plaintiff in error except one which is not presented by the assignments of error filed by him in this court as required by section 1276 of the Revised Statutes, and which is, therefore, not considered by us.

The judgment of the court below is affirmed.