UECKER, Appellant, vs. TOWN OF CLYMAN, Respondent.

*October 23—November 10, 1908.*

*Highways: Defects: Injuries: Right of action: Accumulation of snow: Pleading: Complaint: Demurrer: Statutes.*

1. No right of action exists at common law against municipalities for injuries sustained by reason of a defective highway, and the only provision in our statutes creating a liability, out of which a cause of action might arise on account of a defective highway, is sec. 1339, Stats. (1898).
2. Under sec. 1339, Stats. (1898), as amended by ch. 305, Laws of 1899, no action is maintainable on account of injuries sustained by reason of an accumulation of ice and snow upon any highway, unless the accumulation complained of has continued for three weeks. Hence where a complaint for injuries, alleged to have been occasioned by an accumulation of ice and snow in a highway, fails to allege that such accumulation had existed for three weeks prior to the date of the injury for which the action is brought, no cause of action is stated.
3. Sec. 1249, Stats. (1898), gives no right of action for injuries sustained by reason of a snow blockade in a highway, and, although a highway may be out of repair by reason of its being blockaded with snow, and the town officers may be negligent in failing to remove the blockade as required by sec. 1249, such negligence is not actionable unless it is made so by the provisions of sec. 1339, Stats. (1898).

APPEAL from an order of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge.  *Affirmed.*

This action is brought to recover damages alleged to have been sustained by reason of the plaintiff's horses having been injured on a defective highway.  The defect complained of was that the defendant town had negligently permitted a certain highway to be blocked with an accumulation of snow for a period of two weeks or more, in violation of the provisions of sec. 1249, Stats. (1898).  A general demurrer was interposed to the complaint as not stating cause of action, which demurrer was sustained by the court, and this appeal is taken from the order sustaining the same.

*J. E. Malone,* for the appellant.

For the respondent there was a brief by *Kading & Kading,* and oral argument by *C. A. Kading.*

BARNES, J.  No right of action existed at common law against municipalities for injuries sustained by reason of a defective highway, and the only provision of our statutes creating a liability, out of which a cause of action might arise on account of a defect in a highway, is sec. 1339, Stats. (1898).  *Stilling v. Thorp,* 54 Wis. 528, 11 N. W. 906; *Daniels v. Racine,* 98 Wis. 649, 74 N. W. 553; *Morrison v. Eau Claire,* 115 Wis. 538, 92 N. W. 280.

Under sec. 1339, Stats. (1898), as amended by ch. 305, Laws of 1899, no action is maintainable on account of injuries sustained by reason of an accumulation of ice and snow upon any highway, unless the accumulation complained of continued for three weeks.  The action before us is brought to recover damages for injuries sustained by reason of an accumulation of snow on a highway.  The complaint fails to allege that the accumulation had existed for three weeks prior to the date of the injury for which action is brought; hence no cause of action is stated.  Sec. 1249, Stats. (1898), gives no right of action for injuries sustained

by reason of a snow blockade in a highway. A highway may be out of repair by reason of its being blockaded with snow, and the town officers may be negligent in failing to remove the blockade as provided in sec. 1249, but such negligence is not actionable unless it is made so by sec. 1339. Instead of giving a right of action on account of conditions such as are set forth in the complaint, that section provides expressly that no right of action shall exist on account thereof.

While it may be that the legislature had in mind a different class of cases than the one now before us when it adopted the amendment referred to, yet the defect alleged comes fairly within the language of that amendment, and, that being so, this court would hardly be warranted in indulging in speculation as to what the legislative intent was. *Mc-Cabe v. Hammond,* 34 Wis. 590, relied upon by appellant, is in entire harmony with what is here decided. There, as in *Vass v. Waukesha,* 90 Wis. 337, 63 N. W. 280, the defect relied upon was the failure to remove a snow blockade. The right of action, however, in these cases was wholly dependent on sec. 1339.

*By the Court.*—The order appealed from was correct and must be affirmed.