HANSON, Respondent, vs. TOWN OF CLINTON, Appellant.

*February 3—February 24, 1914.*

*Highways: Estoppel of town to deny existence: Temporary discontinuance: Notice: Barriers: Duty of town: Injury to traveler: Contributory negligence.*

1. Where, after an order was made laying out a highway, it was worked and traveled so that there was a beaten track over it, and public money was expended upon it, the town is estopped to deny that it was a public highway, even though there had been no award of damages and no order opening the road.

2. In such case, if any part of the road became defective so that it was necessary that travel thereon be discontinued while such defective condition existed, it was the duty of the town to give such notice or warning or erect such barriers as would prevent its use by travelers by night as well as by day, and in the absence of such notice travelers had the right to presume that it had not been discontinued or obstructed.

3. In an action to recover for personal injuries caused by a defective highway, evidence showing, among other things, that plaintiff's driver was driving slowly, that it was dark, and that he could not see the defect which caused the accident, is *held* to sustain a finding that plaintiff was not guilty of contributory negligence.

APPEAL from a judgment of the circuit court for Barron county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

This action was brought to recover for personal injuries alleged to have been caused by a defective highway. The defendant denied liability. The jury returned the following verdict:

"(1) Was the plaintiff injured in her person by being tipped from a vehicle being driven by her husband over the alleged highway in question on the 24th day of July, 1910? A. Yes (by the court).

"(2) Was the highway in question at the time and place of accident insufficient or in want of repair, having regard for the amount and kind of travel to which the same was subjected? A. Yes (by the court).

"(3) Had the barrier which was placed across the alleged highway by the witness Lilly about June 18, 1910, been down prior to the date of the accident for such length of time as that in the exercise of ordinary care the officers of the town should have known it was down and replaced the same? A. Yes.

"(4) Was the condition and appearance of the highway west of the place of the accident in question such that, in the exercise of ordinary care, the driver of the vehicle in which plaintiff was riding when injured ought to have known that such highway was not then open for travel? A. No.

"(5) Were the plaintiff or her husband guilty of any want of ordinary care in the premises which proximately contributed to produce plaintiff's injuries? A. No.

"(6) What amount of money will reasonably compensate plaintiff for her injuries? A. $300."

In addition to the findings of the jury the court made the following: That the place where plaintiff sustained her injuries was a public highway within the defendant town; that the insufficiency and want of repair of said highway at the place in question were the proximate cause of plaintiff's injuries; that within thirty days after the happening of said injury plaintiff caused to be served upon one of the supervisors of said defendant town a sufficient notice in writing

stating the time and place where such damage occurred and describing generally the insufficiency and want of repair which occasioned said injuries, the injuries received by plaintiff, and that satisfaction was claimed by her of said town; that more than ten days elapsed after the town meeting alleged in the complaint before the commencement of this action.

For the appellant there was a brief by *C. C. & A. E. Coe,* and oral argument by *A. E. Coe.*

*Chas. A. Taylor,* for the respondent.

KERWIN, J.   The assignments of error are discussed under two heads, namely, (1) that the place of injury was not a public highway; and (2) that the place of injury was so defective that plaintiff was guilty of contributory negligence in traveling upon it in the dark.   It appears from the evidence that plaintiff, her husband, and two others, on the morning of July 24, 1910, started on a trip with a two-seated open buggy, drawn by a farm team, to visit relatives who resided twenty-five miles distant.   On their way home and after they had gone about one third of the distance they turned east onto a different road from the one traveled in the morning.   For a mile or more the road was fairly good, but after they had passed the residence of one Lilly, where the road was running east on the section line and went down a hill and across a bridge, the road became rough, crooked, and grew worse.   It was then about 9 o'clock in the evening. The party followed a road or trail southerly into an open field, and seeing that they were off the road they turned around, went back to where they had left the trail running easterly, and continued east.   For some distance before they turned into the field the track had departed from the straight east-and-west course, apparently to swing southerly around a swamp, and when they got back to the track after turning around and started east the track wound around stumps for

twenty-eight or thirty rods before it got to the section line again.  The section line where the road belonged was rough and not fit to be traveled.  After the party got back to the line it was dark.  They crossed a tamarack swamp and turned up a rough hill, at the top of which the accident occurred.  The team was going slowly, but the buggy tipped over.  The plaintiff was unfamiliar with the road.  It had the appearance of having been worked and money expended upon it.

The piece of road upon which the accident occurred had been laid out in September, 1904, six years before the accident, and had been worked some by the town at different times for five years.  A short time before the accident the town had been blasting stumps and plowing along the section line for some fifty rods, not in the traveled track, but on the section line, beginning directly north of the southern point of deviation of the traveled track from the section line and about three rods north of such point and continuing from there fifty rods east to the section line.  The road ran through a new country, but had been worked and improved where necessary by bridges, culverts, filling, and grading, and while it deviated from the section line its greatest deviation was about three rods.

The chief contention of counsel for appellant is that the place in question was not a public highway, therefore the defendant is not liable.  An order was made by the board of supervisors of the defendant town in 1892 laying out a highway between sections 21 and 28, but no award of damages and no order opening the road were made.  Some work was done upon this highway in 1909.  The highway in question runs east and west on the section line between sections 19 and 30, 20 and 29, 21 and 28, in the town of *Clinton,* Barron county.  The injury occurred about two miles east of the west line of the town of *Clinton* and near the corner of sections 20, 21, 28, and 29 in the town of *Clinton.*  The evidence shows that an order was made laying out a highway be-

tween sections 21 and 28 in August, 1892, but it does not appear that any award of damages was made nor any order opening the road. This part of the road was not in condition for travel, although some work had been done upon it in 1909 and some before.

As to the part of the road between sections 20 and 29 the evidence shows that an order laying out this road was made in September, 1904. No award of damages and no order opening this road were made. The accident occurred within the limits of this last described road.

It is contended by appellant that, the order laying out the highway not having been followed by an award of damages and an order to remove fences, and the road not having been worked or traveled sufficiently,. there was no public highway. There is an abundance of evidence, however, that after the making of the order laying out the highway in question it was worked and traveled and public money expended upon it; that there was a beaten track over it indicating considerable travel; and that a barrier placed across the road about June 18, 1910, had been down for a considerable length of time before the accident in question. Many witnesses were produced who testified that they had traveled over the road and that there was a traveled track over it. The road in question having been traveled sufficiently to indicate that there was a highway, it was the duty of the defendant, in case any part of it became defective, dangerous, and unfit to be traveled, in consequence of which it was necessary that travel thereon be discontinued while such defective condition existed, to give such notice or warning or erect such barriers as would prevent its use by travelers by night as well as by day, and in the absence of such notice travelers had the right to presume that such highway had not been discontinued or obstructed. *Bills v. Kaukauna,* 94 Wis. 310, 68 N. W. 992.

A careful examination of the record convinces us that as between the defendant and the traveling public the evidence

is sufficient to estop the defendant from denying the existence of a public highway at the point of the accident. *Codner v. Bradford,* 3 Pin. 259; *Houfe v. Fulton,* 34 Wis. 608; *Cronin v. Delavan,* 50 Wis. 375, 7 N. W. 249.

It is further contended by counsel for appellant that the plaintiff was guilty of contributory negligence, hence no recovery could be had. The evidence shows that plaintiff was driving slowly, that it was dark, and that the driver could not see the defect which tipped the rig over. The evidence is ample to support the finding of the jury that the plaintiff was not guilty of contributory negligence. *Bills v. Kaukauna,* 94 Wis. 310, 68 N. W. 992; *Sedlack v. State,* 141 Wis. 589, 124 N. W. 510; *Estey O. Co. v. Lehman,* 132 Wis. 144, 111 N. W. 1097; *Smith v. Peterson,* 145 Wis. 284, 129 N. W. 1062. The findings are supported by the evidence and no prejudicial error appears in the record.

*By the Court.*—The judgment is affirmed.