RAYMOND, Respondent, vs. SAUK COUNTY, Appellant.

*December 4, 1917—April 3, 1918.*

*Highways: Application of tar and oil: Injury from slippery condition: Contributory negligence: Notice of danger: Automobiles.*

1. One who, in broad daylight, knowingly drives his automobile over a highway which is at the time in a slippery and dangerous condition by reason of a recent application of tar and oil, is guilty of contributory negligence as a matter of law and cannot recover for injuries sustained by reason of such slippery condition.

2. The fact that the county highway commissioner did not, as he might under sub. 7, sec. 1317$m$—6, Stats., suspend travel on such highway, or that no warning, by putting up signs or otherwise, was given of its defective condition, cannot affect the rights of a traveler who from the visible condition of the road itself had notice of the danger.

VINJE, J., WINSLOW, C. J., and SIEBECKER, J., dissent.

APPEAL from an order of the circuit court for Sauk county: E. RAY STEVENS, Circuit Judge. *Reversed.*

The appeal is from an order overruling a demurrer to the complaint.

The cause was submitted for the appellant on a brief signed by *James H. Hill,* district attorney, and *F. R. Bentley,* of counsel, both of Baraboo, and for the respondent on that of *Grotophorst, Thomas, Rieser & Quale* of Baraboo.

The following opinions were filed January 5, 1918:

ESCHWEILER, J.    The plaintiff and his wife, while riding in an automobile at about noon on August 13, 1916, on the road from Baraboo to Kilbourn, near a bridge at Dell Creek, met with an accident causing personal injury to plaintiff and damage to his car by reason of its sliding off the highway into the ditch.

The plaintiff asserts that *Sauk County* became liable to him for such resultant damages on grounds which may be substantially stated as follows: That this was a county highway and was defective and out of repair by reason of the negligence of the servants of the county, in that on the preceding day the agents and servants of the defendant negligently and carelessly spread upon said highway, at the place in question, large quantities of tar and oil without covering the same with sand or other similar material; that the place is on a steep hill, and that by reason of said large quantities of tar and oil thus deposited on such highway the same became so slippery that cars could not be kept in the road, but slipped out of the main highway into the ditch; that the claimant at the time and place exercised due care and caution, not knowing the defective condition of said highway; and that in going down toward said bridge he struck the slippery place with his car, and that the said slippery condition caused the automobile to slide into the ditch and turn over.    He alleges upon information and belief that many other cars prior to that time slid from the main highway into the ditch and were damaged; that the county knew or ought to have known the effects of placing upon the highways large quantities of oil and tar and that by spreading such large quantities upon said hill on said highway it was made unsafe and dangerous for public travel.    He also alleges that the county was further negligent in not putting up signs or giving warning of such defective condition of the highway.    To this claim or complaint the defendant de-

murred on the ground that it appeared on the face thereof that there were not sufficient facts stated to constitute a cause of action. The demurrer being overruled the defendant appealed.

No right of action can arise against a municipality in this state for accidents happening on the highway unless such liability is created by sec. 1339, Stats., there being no common-law liability. *Uecker v. Clyman,* 137 Wis. 38, 118 N. W. 247; *Maxwell v. Wellington,* 138 Wis. 607, 120 N. W. 505.

Sec. 1339, so far as material to the present case, provides that if any damage shall happen to any person or his property by reason of the insufficiency or want of repair of a road which any county shall have adopted as a county road and is by law bound to keep in repair, such county shall be liable therefor.

The fact that the county is making repairs does not relieve it from the necessity of exercising ordinary care to protect travelers on the highway from injury during the time of making such repairs. *Klatt v. Milwaukee,* 53 Wis. 196, 10 N. W. 162.

If a highway is discontinued or altered it is the duty of the municipality to erect and maintain suitable signals or barriers to warn travelers of the fact. *Bills v. Kaukauna,* 94 Wis. 310, 68 N. W. 992; *Hanson v. Clinton,* 156 Wis. 147, 145 N. W. 646.

Furthermore, a traveler has the right to assume that the duty of such municipality has been performed and that the public highway is reasonably safe for travel. *Seward v. Milford,* 21 Wis. 485; *Wall v. Highland,* 72 Wis. 435, 39 N. W. 560; *Simonds v. Baraboo,* 93 Wis. 40, 67 N. W. 40; note to 21 L. R. A. N. s. 623, 652.

A traveler may pass upon such a highway while knowing that it is in some respects defective, if nevertheless he exercises ordinary care in the use of such highway in view of its defective condition, and such use is not of itself, as a matter

of law, contributory negligence.  *Schmidt v. Franklin,* 164 Wis. 128, 159 N. W. 724; *Jenewein v. Irving,* 122 Wis. 228, 99 N. W. 346, 903.

But under all situations the plaintiff himself must exercise ordinary care for his own safety.

A standard has been pretty definitely asserted by prior decisions of this court as to what is the ordinary care required of the driver of an automobile on the public highway in this state.

In *Lauson v. Fond du Lac,* 141 Wis. 57, 123 N. W. 629, and *Pietsch v. McCarthy,* 159 Wis. 251, 150 N. W. 482, it was held that a person in driving his automobile on the highways must maintain such rate of speed that he can bring it to a standstill within the distance that he can plainly see the objects or obstacles ahead of him, and that failure to so operate the automobile is want of ordinary care.  Both of these cases cited involved injuries at night and the question of the use of lights on the automobiles for illuminating the highway ahead of them, but we see no good reason for not holding that the same standard applies for the daytime, and that the rule of ordinary care as between the municipality and the driver of an automobile on the public highway requires that such driver shall have the automobile under such control that he can bring it to a stop within the distance within which he can plainly see obstacles or dangers ahead of him.

It is only necessary in this case to determine the one question of whether or not, giving the complaint the most liberal construction possible, it appears upon the face thereof, as a matter of law, that there was such contributory negligence on the part of the driver that it will prevent his recovery.

The plaintiff in this case must stand charged as a matter of law with what is common knowledge, namely, that tar and oil just spread upon a highway creates a slippery and therefore dangerous condition, and that such substances so spread upon a highway are plainly visible to the traveler in the day-

time.    There is nothing in the complaint from which there can be spelled out anything else than that the slippery condition caused by the placing of the tar and oil on the highway caused the automobile to go into the ditch.    An allegation that the plaintiff does not know of the defective condition of the highway from such cause cannot be held to obliterate such common knowledge any more than could an allegation, if made, that such substances spread on a highway are not visible in the daytime.    The driver of an automobile who, in broad daylight, knowingly drives his automobile over a highway for the time made in a slippery and dangerous condition by reason of the application of tar and oil upon the same, must take the responsibility for accidents happening to him by reason of such slippery condition.    He is chargeable, therefore, with contributory negligence for the resultant injury as a matter of law.

The fact that under sub. 7, sec. 1317$m$—6, Stats., the county highway commissioner had power, in his discretion, to suspend the right to travel on any highway in process of repair by posting notices forbidding such travel, or that there may have been negligence on the part of the county in not putting up signs or giving other warning of such defective condition, cannot help the position of the plaintiff.    Such signs or warning are for the purpose only of giving to the traveler notice of the existence of any defect or danger.    In the case before us he had this notice from the condition of the road itself.    That the county might have given cumulative notice of the danger cannot help him.    Upon the face of the complaint the demurrer should have been sustained.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded for further proceedings.

Vinje, J. (*dissenting*).    I am unable to concur in the view that plaintiff was negligent as a matter of law in driving upon the oiled part of the highway.    Oiled highways

may be and are driven upon before sand is applied. It is not pleasant to do so, but reasonably safe under ordinary conditions, and often, as in this case, necessary because the whole width of the passable part of the highway is oiled and no other route is available. It is conceded that plaintiff could and should have seen the oil on the road before entering upon the same, and I construe the complaint to allege a voluntary entrance thereon. But the complaint alleges that the oil and tar were applied in such large quantities that it was impossible to keep a car in the road, and that plaintiff was not aware of this defective condition caused by an excess of tar and oil. I see nothing improbable or self-contradictory in such allegation. Why may not the defendant, as is alleged, have been negligent in applying the tar and oil? Is it impossible to apply too much? If not, why should plaintiff be denied a chance to prove that alleged fact? That tar and oil on the road may be seen at a distance is obvious; but that it may be determined from a distance that there is so much tar and oil thereon that cars cannot be made to stay in the road is not so obvious. And when plaintiff alleges that, unknown to him, such a condition of the road existed, he should be permitted to offer proof in support of his allegations. That he may probably fail to sustain them is immaterial on demurrer. If, however, he does sustain them, then he cannot be held to have assumed the risk resulting from the excessive oiling, because such risk could not be ascertained till too late to avoid it. The complaint, if possible, must be construed to state a cause of action, not to fall short thereof.

I am authorized to state that Chief Justice WINSLOW and Mr. Justice SIEBECKER concur in this dissent.

A motion for a rehearing was denied, with $25 costs, on April 3, 1918.

OWEN, J., took no part.