# Susie Radebaugh, Appellee, v. F. W. Woolworth Company, Appellant.

1. NEGLIGENCE, § 24*—*what is duty of storekeeper to customer.* Where the keeper of a store for the sale of goods invited patronage, a customer who accepted the invitation and went into the store was rightfully there, and the storekeeper owed her a legal duty to protect her against injury, which demanded reasonably safe arrangements for the protection of his customers.

2. NEGLIGENCE, §§ 191, 198*—*when questions of negligence and contributory negligence in action against storekeeper for personal injuries are for jury.* A woman, who while shopping in defendant's store fell down an unguarded opening in the floor for a stairway at the end of the counter at which she was looking for wares, was not guilty of negligence as a matter of law, where it appeared that patrons having occasion to go into defendant's office, and customers examining wares at such counter would come close to such opening; and the questions as to negligence on the part of defendant and contributory negligence as a matter of fact, on the part of appellee, were for the jury.

3. NEGLIGENCE, § 164a*—*what evidence admissible in action against storekeeper for personal injuries to show negligence on part of defendant.* In an action for injuries by a plaintiff who, while shopping in a store, fell into an unguarded opening in the floor for a stairway, plaintiff would have had the right to prove that the public generally and customers came into the space in question, in order to show that defendant, for the protection of the customers, should have kept the gate at the head of the stairway closed.

4. NEGLIGENCE, § 226*—*when instruction on question of ordinary care not erroneous.* An instruction on the question of ordinary care which made the standard that which persons of ordinary prudence would *usually* exercise, was not erroneous.

5. DAMAGES, § 120*—*when verdict for complicated personal injuries not excessive.* A verdict for $1,294, in favor of a woman 65 years old, was not excessive, where her wrist was broken and deformed and various parts of her body were bruised and she could neither close one of her hands nor use it, so that she could only work with the other hand.

Appeal from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

1919. Affirmed. Opinion filed July 9, 1919. *Certiorari* denied by Supreme Court (making opinion final).

LINDLEY, PENWELL & LINDLEY and JOHN A. BLOOMINGSTON, for appellant; JOHN A. BLOOMINGSTON, of counsel.

CLARK & HUTTON, for appellee.

MR. JUSTICE WAGGONER delivered the opinion of the court.

Susie Radebaugh brought suit in the Circuit Court of Vermilion county to recover damages for injuries sustained by her as the result of having fallen down a stairway leading from the first floor into the basement of a store of F. W. Woolworth Company (a corporation) at Danville. She obtained a judgment against the company for $1,294 and to reverse such judgment this appeal is prosecuted.

The store extends lengthwise from west to east with the entrance at the west end, and was equipped with shelves, counters and tables necessary to display goods and wares for sale and for the service of patrons. In the southeast corner of the store was a small space, upon a floor higher than that of the remainder of the room, fenced off for an office. The shelves on the south side of the room extended from the west end east to the office. A counter 3 feet wide, with several openings in it to give clerks access to the space between the counter and the shelves, just mentioned, also extended from the west end of the store east to a point 3 feet from the office. The floor space at the end of this counter, and west of the office, was 3 feet east and west by 6 feet north and south. On the east end of the counter was a display of tinware, and the shelves on the south side of the space filled with chair bottoms and the shelves immediately west thereof with tinware. The space south of the east end

of the counter, and between the two displays of tin-
ware, was entirely taken up by an opening in the floor
for a stairway leading to the basement so that no
clerk could stand behind the counter, by reason of
the absence of a floor at that point, nor could any one
go from the 3-by 6-foot space behind the counter for
the same reason. The opening in the floor was 2½
inches west from the east end of the counter. A gate,
when closed, extended from the south wall to the south
side of the east end of the counter, and thereby
guarded the opening in the floor. The gate was
equipped with a coil spring to close it, but by open-
ing the gate and pushing it back far enough against
the wall, the spring could not operate. At the time
of the accident the gate was open and so pushed back,
and had been in that condition the entire day. It af-
forded no protection to clerks while behind the counter
and must have been constructed for the protection of
persons who came in to the 3-by 6-foot space. When
the gate was open there was nothing to guard or give
notice of the opening in the floor. Three feet directly
east from the stairway opening was the office door.
Patrons having occasion to go into the office would
come close to this opening and the same would be
true of customers examining the tinware on the east
end of the counter, or the chair bottoms on the shelves
marked with their price and arranged for display.
The basement had a 10-foot ceiling. The stairway was
used by employees in going to and returning from the
basement, in which was located a rest room, a work
room and storage room for extra stock.

Appellee lived at Saratoga, Indiana; was in Dan-
ville visiting her sister, Mrs. J. B. Jackson, and had
never been in the store. On the day of the accident
these ladies entered appellant's store to make some
purchases. They passed down the aisle in front of
the counter running east on the south side, and while

doing so bought some articles. One of the things appellee wanted was a slaw cutter. She had asked for one at a place along the counter, but none was there and she had not gotten one. When appellee had reached the end of the counter Mrs. Jackson was within a short distance from her. Appellee saw on the shelves a combination slaw cutter, stepped just around the end of the counter, and pointing to the combination slaw cutter, started to call her sister's attention to it, when she slipped and fell through the stairway opening into the basement.

The first count of the declaration alleges that it was the duty of appellant to use reasonable care and caution to keep the parts of its store where persons as members of the buying public might be expected to pass, repass, or be about, in a reasonably safe condition, so as not to permit or cause injury to any of them while in the store; that appellant, in violation of such duty, carelessly and negligently kept and used this stairway without having the top of it guarded by a closed gate or other means to prevent such persons from falling down it and sustaining injuries; that appellee was in the store purchasing certain articles, and not being advised or having any knowledge of the dangerous condition occasioned by the unprotected stairway, slipped and fell into the basement and was injured. The second count describes the stairway, the location of it, alleges it was dangerous unless securely guarded; that appellant negligently and carelessly maintained and operated a certain barrier, but not sufficiently strong, locked, fixed or attached as to prevent injury, and appellee without being warned, advised and protected, slipped and fell into such opening and was injured.

The grounds upon which appellant contends the judgment should be reversed are: (1) that there was no evidence of negligence; (2) appellee was guilty of

contributory negligence as a matter of fact and of law; (3) the court erred in admitting evidence regarding a custom of people using the aisle behind the counter; (4) the court erred in giving an instruction asked by appellee; and (5) that the verdict is excessive and shows passion and prejudice.

The first and second contentions may be considered together. Appellant was maintaining a store for the sale of goods, and thereby invited patronage. Appellee, having accepted the invitation and gone into the store, was rightfully there, and appellant owed her a legal duty, which demanded reasonably safe arrangements for the protection of its customers. *Franey v. Union Stock Yard & Transit Co.,* 235 Ill. 522 (527); *Shobert v. May,* 40 Ore. 68, 91 Am. St. Rep. 454. The evidence tends to show that, at the time of the accident, appellee was at a place where she had the right to be. In the arrangements of the store an office had been located in one corner of it. A counter ended 3 feet from the office, leaving a space of 3 by 6 feet through which persons would have to pass in order to get from the main part of the store into the office. Customers wanting to inspect articles placed on the end of the counter, or that were displayed on the shelves immediately south from the office door, would consider they had a right to enter this space in order to do so. On one side of this space was an opening in the floor, which appellant recognized as being a place requiring a barrier of some kind to prevent persons from walking, or otherwise getting into it, by providing a gate equipped with a coil spring to pull it shut, and thereby close the opening. On the day of the accident this gate had been opened and placed in such a position that it could not close, and by reason of that fact appellee fell into the cellarway. With the gate, open or closed, when she slipped she might have fallen, but not into the cellar if the gate had been closed as it should have been. Appellee was not guilty of negli-

gence, as a matter of law, and the questions as to negligence on the part of the appellant and contributory negligence, as a matter of fact, on the part of appellee, were for the determination of a jury. *Milauskis v. Terminal R. Ass'n of St. Louis*, 286 Ill. 547 (557); *City of Chicago v. Moor*, 139 Ill. 201. Both of these matters have been decided adversely to appellant, by a jury, and the record discloses no reason why such decision should be set aside.

No evidence was offered, and, of course, none admitted by the court, regarding a custom of people using the aisle behind the counter. As before stated, no use was made of the aisle behind the counter, at the place involved in this case, on account of the absence of a floor. Appellee asked Herbert Smith, a former employee of appellant: "What was the practice in that store generally as to the public or customers being in this alleyway between the office and the counter?" At the time of the accident the witness had been working one week in the basement, and had been on the main floor very little. He stated that on one occasion when he came from the basement, he saw a man in this space looking at the chair seats. If the public generally or customers came into the alleyway, appellee would have a right to prove it to show that appellant, for the protection of its customers, should have kept the gate at the head of the stairway closed.

The court, at the request of appellee, instructed the jury, "that ordinary care depends upon the circumstances of each particular case and is such care as a person of ordinary prudence and skill would usually exercise under the same or similar circumstances. So in this case, if you believe from a preponderance of the evidence that the plaintiff, Susie Radebaugh, received the injury complained of in her declaration and that at and just prior to the time she received such injury, if the evidence shows she did receive such injury, she was in the exercise of that degree of care for her own

personal safety that an ordinary person would usually have exercised under the same or similar circumstances and surroundings, then she was exercising all the care for her own safety that the law required of her.''

Appellant insists this instruction was erroneous because it makes the standard of law that which persons of ordinary prudence would *ususally* exercise, and that is not the test. Further, that the rule is that a person must use the care that the ordinary person of prudence would exercise, not the care that a person would usually exercise.

In *Chicago Union Traction Co. v. Chugren,* 209 Ill. 429, the court had under consideration an instruction which told the jury that if they ''believed, from the evidence, that the plaintiff in endeavoring to cross over the tracks of said company, and while on said tracks, or either of them, exercised that care and foresight to avoid the danger that a person of ordinary prudence, caution and intelligence would usually exercise under the same or similar circumstances, then you should find that the plaintiff was not guilty of contributory negligence.'' In reference to the same criticism made of this instruction, in regard to the use of the word ''usually'' as is made by appellant, the court said: ''It is true that men who are generally prudent and cautious are sometimes careless or inattentive to danger, and that the standard of ordinary care is to be determined from what prudent men generally or ordinarily do, and not on occasions where there may be a lapse from their usual habit of care. The jury are to determine what a reasonably prudent man would ordinarily do in a given state of circumstances. We think the instruction is not subject to the criticism offered, but that it conforms to the rule contended for by counsel.''

In *Wabash Ry. Co. v. Elliott,* 98 Ill. 484, it is said

that: "The law of this case required of the plaintiff that he should use ordinary care, considering his surroundings, that is, such care as men of ordinary prudence would usually exercise under the same or like circumstances." In *Cronin v. Village of Delavan*, 50 Wis. 375, it is said that an instruction reading, "ordinary care is that degree of care which persons of ordinary prudence would usually use under the same circumstances," is an accurate statement of what constitutes ordinary care.

Appellee was, at the time of the accident, 65 years of age. Her wrist was broken and she suffered bruises on her shoulder, elbow and knee. Her wrist is deformed. She cannot close one of her hands, cannot use it. The only work she is able to perform is such as can be done with the other hand. The damages are not excessive, and there is nothing to indicate any passion or prejudice on the part of the jury.

The judgment is affirmed.

*Affirmed.*