Bremer, Appellant, vs. City of Milwaukee, Respondent.

*October 3—October 23, 1917.*

*Municipal corporations: Negligence in operation of bascule bridge: Injury to traveler.*

1. The operation of a bascule bridge forming part of a city street is a governmental function, and the city is not liable for an injury caused solely by negligence of the bridge tender in failing to give the proper warning signal when a leaf of the bridge was raised.

2. In an action for an injury alleged to have been caused by the fact that a city through its employees, without notice or warning, negligently caused a street to become "suddenly out of repair" by raising one leaf of a bascule bridge and "allowing the same to remain in such out of repair condition," there being no evidence of insufficiency of signal appliances, of any want of repair of the bridge or approaches, of any lack of barrier, or of any general incompetency of the bridge tender, it is *held* that the only legitimate inference which could be drawn from the pleadings and evidence was that the injury resulted from the negligence of the bridge tender in not giving signals.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to recover damages for personal injury. First avenue and Sixth street are public highways of defendant and are connected by a viaduct over the Menomonie river and valley. Over the river and forming a part of the highway is a bascule bridge, the north and south ends or leaves of which are raised to permit the passage of boats. When the bridge is about to be raised signals are given by the bridge tender. They consist of a danger light just above the center of the bridge, the ringing of electric bells and of a large hand bell. On January 8, 1916, plaintiff, while riding in a jitney bus, was injured by reason of the raising of one leaf of the bridge, causing the car to fall some distance upon the other leaf, not raised, and the passengers to be thrown up against the roof of the car. At the close of plaintiff's testimony the court granted a nonsuit because the evidence showed that the injury resulted from the negligence of the bridge tender in not giving proper signals, and that for such negligence there was no liability on the part of the defendant. The plaintiff appealed.

For the appellant there was a brief by *Lehr & Kiefer,* attorneys, and *Julius E. Kiefer,* of counsel, and oral argument by *H. B. Walmsley,* all of Milwaukee.

For the respondent there was a brief by *Clifton Williams,* city attorney, and *E. L. McIntyre,* first assistant city attorney, and oral argument by *Mr. McIntyre.*

VINJE, J. Counsel for plaintiff argue that the evidence showed the existence of an insufficiency or want of repair in the highway creating a liability under sec. 1339, Stats. 1915, and that the court was not warranted in drawing the inference that the injury was caused solely by the negligence of the bridge tender. A brief reference to the pleadings and

the evidence will disclose the fallacy of these contentions. The complaint alleges

"that on the 8th day of January, 1916, said highway was insufficient and out of repair in that defendant by its agents, servants, and employees, without notice and warning, negligently and carelessly operated the south bascule bridge part thereof in said highway so that it became and was out of repair and dangerous and not safe for travel."

It further alleges

"that on January 8, 1916, at about 4:30 in the afternoon, plaintiff while riding in an automobile in a northerly direction over said highway where the south bascule bridge in said Sixth street viaduct was located, said city in its private corporate capacity by and through its agents, servants, and employees, without notice or warning to the plaintiff, so negligently and carelessly caused said highway to become suddenly out of repair by raising the south leaf of said bascule bridge and allowing the same to remain in such out of repair condition, thereby causing the automobile in which plaintiff was riding to be thrown forward with great force and violence upon the north side of said bascule bridge and plaintiff thereby to be injured."

These are the only allegations of defendant's negligence found in the complaint. It is clear that they charge negligence of operation—negligence of the bridge tender only. The evidence is to the same effect. The substance of it relating to the cause of the accident is given by the jitney bus driver, Adam Wolf. He testified:

"I am a machinist; have lived in Milwaukee twelve years; on January 8, 1916, and for about a year and a half prior to that time, I drove a jitney bus; drove all day; had an accident that afternoon; was going north at the First avenue viaduct; that runs north and south; there are two drawbridges on that viaduct, one near the northerly end and one near the southerly end; should say about two blocks apart; that was my regular route; went over that viaduct twenty to thirty times a day; National avenue route; have noticed times when the bridges were raised; you generally see a

danger light and a bell is rung; danger light is located just above the bridge in the center; there is an electric bell and another big bell; can hear these bells when sitting in the car when the car is closed; can see the danger light from my seat in the car; as soon as I came close to the bridge I slowed up to eight or ten miles; did not see danger or danger bell, and went right across; in the center I felt something go up, and all of a sudden the car dropped down and the passengers flew against the ceiling and hurt themselves; before I went over I discovered whether there was any lights lit; there was no red light, and I did not hear any bell rung. . . . At other times when approaching this bridge have heard this electric bell when my car was closed, and also hear the larger bell; did not hear any on the day in question; there was nobody out there to warn that the bridge was going to rise; no bridge man; no policeman; did not see any person at all; no notice or warning that the bridge was going to rise; . . . can hear the bells from First avenue and Florida; have seen those lights and heard the bells a great many times; always the case when the bridge is about to rise; plenty of time to stop the car; the leaves of that bridge open up in the center; the leaf itself forms a barricade, so when it is up nobody could possibly drive over; did not hear any bells at all; saw no lights; it was daylight; could see those lights when they were burning from my seat in the car till I get pretty close."

There is no testimony contradicting his. On the contrary other witnesses corroborate it. Moreover, the record is barren of any evidence of insufficiency of signal appliances, of any want of repair of the bridge or approaches, of any lack of barrier, or of any general incompetency of the bridge tender. Such being the state of the evidence, the only legitimate inference that could be drawn from it and the pleadings was that the injury resulted from the negligence of the bridge tender in not giving signals.

It has been the unbroken rule of this court that the state and its municipal subdivisions are not liable for the tortious acts of their servants, agents, or officers while engaged in the discharge of governmental functions. *Apfelbacher v. State,*

160 Wis. 565 (152 N. W. 144), and cases cited on pages 572, 573. That the operation of a drawbridge is a governmental and not a corporate function was decided in *Evans v. Sheboygan,* 153 Wis. 287, 141 N. W. 265. Obviously a bascule bridge is a species of drawbridge and comes under the same rule.

*By the Court.*—Judgment affirmed.