JUUL, by guardian *ad litem,* Appellant, vs. SCHOOL DISTRICT OF THE CITY OF MANITOWOC, Respondent.

*October 9—November 6, 1918.*

*Schools and school districts: Governmental duties: Liability for injury to pupil from pail in passage: "Maintaining" building: Cleaning floors.*

1. Where, in accordance with a custom, a pail containing hot water and chemicals, to be used in cleaning the floor of a school room, was placed by an employee in a passageway before the pupils had left the school building, such act must be deemed to have been done by the school district in the performance of its governmental duties, and the district is not liable for an injury to a pupil who, while passing from one school room to another, fell into such pail.

**2.** The word "maintain" in ch. 588, Laws 1913 (amending secs. 2394—48, 2394—49, Stats.), which requires every owner of a public building to "so construct, repair or maintain" it as to render the same safe, relates to acts more closely related to the structure itself of the building than are the operations (such as the placing of the pail in question) involved in keeping the floors clean.

APPEAL from a judgment of the circuit court for Manitowoc county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

The appeal is from a judgment dismissing plaintiff's action after a demurrer was sustained to the complaint.

For the appellant there was a brief by *Hougen & Brady* of Manitowoc, attorneys, and *P. H. Martin* of Green Bay, of counsel, and oral argument by *Mr. Martin* and *Mr. A. L. Hougen.*

*E. L. Kelley,* city attorney, for the respondent.

ESCHWEILER, J.    By the complaint herein it is alleged that the infant plaintiff, twelve years of age, was injured by falling into a pail containing hot water, caustic acid, and chemical compounds, in the passageway of one of the school buildings of the defendant where plaintiff was attending as a pupil; that the pail with its contents had been so placed for the purpose of being used to scrub and clean the floor of one of the school rooms in accordance with a custom, maintained for some time prior thereto, of at least once a week so placing such pails with similar contents in the passageways of the school building and before the pupils had left the building; that at the time of the injury plaintiff was passing from one school room to another in the building pursuant to directions given to her by her teacher.

It is a well established principle in this state that a municipality, while performing the duty imposed upon it under the requirements of sec. 3, art. X, of our constitution, which provides for the establishment of district schools which shall be free and without charge for tuition to all children between the ages of four and twenty years, shall not be liable for injuries to children attending such school occur-

ring by reason of the negligence of servants necessarily employed by such municipality or school district in carrying out what have been designated as the governmental duties so imposed by law upon it. *Bernstein v. Milwaukee,* 158 Wis. 576, 149 N. W. 382; *Folk v. Milwaukee,* 108 Wis. 359, 84 N. W. 420.

The same principle is very generally recognized. *Hill v. Boston,* 122 Mass. 344; 35 Cyc. 971; 19 Ruling Case Law, 1124. Until changed by the legislature we feel bound to follow it.

Appellant cites *Redfield v. School Dist.* 48 Wash. 85, 92 Pac. 770, which sustained a liability against a school district where a pupil was injured by being scalded by a pail of hot water; but there the court placed the liability upon a statute of that state permitting an action against a school district or other public corporation for an injury to the rights of a plaintiff arising from some act or omission of such public corporation, and expressly held that such statute was evidently intended to do away with the general and common-law doctrine of nonliability for that which occurs in the performance of governmental duties.

It is urged that by ch. 588, Laws 1913, amending secs. 2394—48 and 2394—49, Stats., there is in effect a legislative declaration doing away with this doctrine of such nonliability. Before the enactment of that chapter these two statutes were, as they are now, found in ch. 110a, Stats., relating to "Workmen's Compensation and Industrial Commission." As they stood before 1913 they in effect provided that every employer should furnish a safe place of employment for his employees. This ch. 588 added a provision in substance placing an obligation upon every owner of a public building, as well as on every employer, that each shall so construct, repair, or maintain such public building or place of employment as to render each of the same safe.

From such legislative change it is claimed that it was intended to now make it a statutory duty of a school district,

such as the defendant in this case, to construct and repair, and particularly as applied to this case to maintain, its school building so as to render the same safe, and that upon a violation of such a statutory duty and consequent injury to a pupil an implied liability arises against such school district.

Unless, however, the act complained of here, such as the negligent placing within the school building of a pail with dangerous contents to be used in cleaning the floors, can be reasonably construed to be within the meaning of the word "maintain" as found in said chapter, it is unnecessary to consider appellant's contentions any further. We are satisfied from a consideration of this statute, its evident purpose, place, and history, that this word "maintain," particularly when found used with the words "construct or repair," must be held to relate to some act more closely related to the structure itself of a building than such an operation as is here involved of keeping the floors of a building clean.

The conclusion thus arrived at makes it unnecessary to determine any other question with reference to the suggested applicability of such amended statutes to a school building or school district.

It follows, therefore, that the complaint upon its face shows that the act complained of was one done by the defendant school district in the performance of that which must still be recognized as one of its governmental duties towards the pupils, and of such a nature that for a consequent injury to a pupil there is no recognized liability against defendant either at common law or by statute.

*By the Court.*—The judgment of the circuit court is affirmed.