SRNKA, by guardian *ad litem,* Appellant, vs. JOINT DISTRICT No. 3 and another, Respondents.

*March 10—April 5, 1921.*

Schools and school districts: Schools as public buildings: Liability of district for unsafe building.

Sec. 2394—48, Stats., requiring every owner of a public building to so construct it as to render it safe, and sec. 2394—49, providing that no owner or other person shall construct or maintain any public building that is not safe, do not apply to school districts or school buildings or render a school district liable to a pupil for injuries from a defect in the building, in view of sub. (13), sec. 2394—41, defining the term "owner" and not mentioning school districts, sec. 2394—4, expressly including school districts in those required to make compensation for injuries to employees, sec. 2394—51,

giving the industrial commission supervision of the public buildings referred to, and ch. 30, Laws 1913 (now sec. 39.02, Stats.), making a different provision for the inspection of school buildings.

APPEAL from an order of the circuit court for Kewaunee county: HENRY GRAASS, Circuit Judge. *Affirmed.*

The trial court sustained a demurrer to the complaint. The complaint alleged, in substance, that the defendants, municipal corporations, owned and maintained a public-school building for public-school purposes in which the minor plaintiff was a pupil.

"That it was the legal duty of the defendants to keep and maintain said school building so as to render the same safe and free from danger to the life, health, and safety and welfare of employees and frequenters and the public, and to maintain said building so as to be free from danger to the life, health, safety, and welfare of the persons lawfully attending said school building as pupils."

That in violation of their duty to the plaintiff they failed to keep and maintain the school building in a safe condition, in that some time prior to the happening of the injury to plaintiff they erected a wooden partition in certain portions of the building with a doorway therein, and permitted to remain in said doorway, at a height of between four and five feet from the floor, a knot-hole of one and a half or two inches in diameter. That said condition was allowed to remain for a considerable period of time, the defendants well knowing that the pupils attending such school were disposed to and would constantly use said knot-hole for the purposes of play and amusement and that such had been so used for ten or eleven weeks prior to the injury. That on or about November 25, 1919, at the noon hour, the plaintiff on returning to the school found the said door barred or locked; that then using the knot-hole to look through into the other room to ascertain the reason therefor, another pupil, who was participating in the frolic of barring said door to the

plaintiff, poked a steel file through the knot-hole into the eye of the plaintiff, seriously injuring the same and necessitating its removal.

From an order sustaining defendants' demurer plaintiff appealed.

For the appellant there were briefs by *Minahan, Minahan, Minahan & Duquaine* of Green Bay, and oral argument by *E. M. Duquaine.*

For the respondents there was a brief by *Bruemmer & Bruemmer* of Kewaunee, and oral argument by *L. W. Bruemmer.*

Eschweiler, J.   It is frankly conceded by plaintiff that there is no common-law liability here, the defendants being engaged in what has been repeatedly recognized as a governmental function, and for their negligence or that of their servants in the performance of such function or duty there arises no liability therefor on the part of such municipal corporations to any person thereby injured. *Juul v. School Dist.* 168 Wis. 111, 113, 169 N. W. 309.

It is contended, however, that liability is here sustained by reason of the provisions of secs. 2394—48 and 2394—49, Stats., the material parts whereof read as follows:

"Section 2394—48. Every employer shall furnish employment which shall be safe for the employees therein and shall furnish a place of employment which shall be safe for employees therein and for frequenters thereof. . . . Every employer and *every owner* of a place of employment *or a public building* now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, . . . *as to render the same safe.*

"Section 2394—49—1. No employer shall require, permit or suffer any employee to go or be in any employment or place of employment which is not safe, . . . and no employer *or owner, or other person* shall hereafter construct or occupy or maintain any place of employment, *or public building,* that is not safe. . . ."

The appellant asserts that the school house in question is a public building and the defendants the owners thereof within the meaning of such statutes, and that defendants have breached the duties so imposed upon them, and from such breach there arises the consequent liability as claimed in the complaint.

We have arrived at the conclusion that a school building is not one of the public buildings nor is a school district such an owner as come under the provisions of the said sections.

Prior to 1913 the sections above quoted were limited in their effect to the employers of labor. By ch. 588 of the laws of that year the then existing sections were made to cover public buildings as well as places of employment and broadened out so as to read as they now stand and as quoted above. By the same chapter there was added to sec. 2394—41, Stats., a new subdivision, sub. (13), which reads, so far as material here, as follows:

"(13) The term 'owner' shall mean and include every person, firm, corporation, state, county, town, city, village manager, representative, officer, or *other person* having ownership, control or custody of any place of employment or public building, or of the construction, repair or maintenance, of any place of employment or public building. . . ."

In this statutory designation of owners school districts are not mentioned. It is contended, however, that school districts being municipal corporations as much so as the counties, towns, cities, and villages therein expressly mentioned, school districts were intended to be also included under the general term "other person" as therein found.

The law in question is a part of the workmen's compensation and industrial commission act, ch. 110a, Stats. This chapter, in establishing the conditions as to liability between employer and employee, included in the definition of employers to be held liable for compensation for injuries

sustained to their employees in the line of their duty as
follows:

"Section 2394—4. (1) The state and each county, city,
town, village and *school district* therein."

Such provision has remained unchanged since the orig-
inal enactment on the subject by ch. 50, Laws 1911. It
is apparent, therefore, that on the face of the statutes there
is seen an express intention to include a school district
as being subject to the law providing for compensation to
injured employees and the exclusion thereof in the "safe
place" statutes relied upon by plaintiff to support his cause
of action.

At the same session of the legislature in 1913 which
broadened secs. 2394—48 and 2394—49 as aforesaid, an-
other enactment was made by ch. 30, Laws 1913, creating
what was then designated as sec. 517 and what now appears
as sec. 39.02, providing for the inspection of school build-
ings. This placed in the state superintendent of schools the
supervision and direction of the inspectors of rural schools,
of state graded schools, and of high schools, who were
thereby made inspectors of public school buildings. It also
provided that upon complaint to the state superintendent that
any school building is in an unsanitary condition or such as
to endanger the life and health of the children attending
school, or is unfit for school purposes, such building is then
subject to such inspection, and, if conditions warrant, orders
may be issued for the necessary repairing, improving, or
remodeling of such school buildings. These provisions are
set out at length and discussed in *State ex rel. School Dist. v.
Cary,* 166 Wis. 103, 163 N. W. 645.

Such law also expressly provided that it should not be
deemed to interfere with the operation of the law relating
to the duties of county superintendents or that of the in-
spection and regulation of the sanitary conditions of school
houses by boards of health. It did not, however, make any
such exception to any recognized powers or duties over such
school buildings by the industrial commission.

By sec. 2394—51, Stats., the industrial commission is vested with power and jurisdiction to supervise every place of employment and public building in this state which is included within the provisions of ch. 110a, including said secs. 2394—48 and 2394—49, *supra.*

The legislature therefore having made such a special and express provision for school buildings by ch. 30, Laws 1913, we have no right to hold that they are also included in the general language found in sub. (13), sec. 2394—41, *supra,* by ch. 588 of the same year.

Manifest reasons can be seen for including school districts when considered as employers of labor for compensation to the injured employee and excluding them when it comes to the far broader field of creating a liability not heretofore existing to the frequenters of school buildings in which is carried on the duty imposed upon such school districts by sec. 3, art. X, of the constitution.

Having reached the conclusion that there can be no liability herein predicated upon the sections of the statute relied upon by plaintiff, it is unnecessary to consider any other questions discussed in the briefs, and it follows that the demurrer to the complaint was properly sustained.

*By the Court.*—Order affirmed.