RUSK FARM DRAINAGE DISTRICT, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*January 17—February 10, 1925.*

*Workmen's compensation: Liability of drainage district for injury to employees.*

1. A drainage district is not an "employer" within the meaning of sub. (1), sec. 2394—4, Stats. 1921, declaring the workmen's compensation act obligatory on state, counties, cities, towns, villages, and school districts. Nor is it an employer within the meaning of sub. (2) of said sec. 2394—4, declaring the term "employer" to include every person, firm, or private corporation, notwithstanding the word "person," under sub. (30), sec. 4971, Stats. 1923, includes bodies corporate. p. 234.

2. Construction of a statute may be resorted to only where ambiguity exists. p. 234.

3. A drainage district is a governmental agency and is not liable for its negligence or the negligence of its officers, and unless it is made liable by statute for injuries to its employees no liability exists. p. 234.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Carow & Goodsitt* of Ladysmith, and oral argument by *Samuel A. Goodsitt.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

OWEN, J. This action was brought in the circuit court for Dane county to set aside an award of the *Industrial Commission* made in favor of an injured employee of the appellant, *Rusk Farm Drainage District.* The question presented is whether, prior to the enactment of ch. 437 of the Laws of 1923, a drainage district was an employer within the meaning of and subject to the provisions of the workmen's compensation act.

Sec. 2394—4, Stats. 1921, defined employers who were subject to the provisions of the act as follows: "(1) The state, and each county, city, town, village, and school district therein. (2) Every person, firm, and private corporation (including any public-service corporation), who has any person in service under any contract of hire," etc. The provisions of the act are made compulsory upon the municipalities enumerated in sub. (1). They are made elective as to employers enumerated in sub. (2). If a drainage district is included under sub. (1), then it is subject to the provisions of the workmen's compensation act, because, as to the municipalities therein enumerated, it is compulsory. If included within sub. (2), it is equally subject to the provisions of the act, because it had not elected not to come under the act as required by sec. 2394—5. It certainly is not included in sub. (1), because it is not specifically mentioned therein, and

there is nothing anywhere in the act to indicate a legislative intent to make any municipality subject to its provisions except those specifically enumerated in sub. (1).

Although it is provided by sub. (30), sec. 4971, Stats. 1923, that "the word 'person' shall extend and be applied to bodies corporate unless plainly inapplicable," the inclusion of "private corporation" in said sub. (2) excludes by the strongest implication any legislative intent that the word "person" as used in sub. (2) shall include a drainage district. The maxim *Expressio unius est exclusio alterius* applies to both sub. (1) and sub. (2). Sub. (1) manifestly includes all municipal corporations or bodies which it was intended to make subject to the provisions of the act. Plainly sub. (2) relates to employers of labor who are not municipal or *quasi-*municipal corporations. The act is so clear and explicit that it is not subject to construction. Construction may be resorted to only where ambiguity exists. It is impossible to discover any ambiguity in the statute with which we are dealing.

It is argued by the attorney general that an absurd situation would result if a drainage district were not subject to the provisions of the workmen's compensation act, because in that case it would be deprived of the common-law defenses of assumption of risk and the negligence of a fellow-servant. It was held in *McMahon v. Lower Baraboo River D. Dist.* 184 Wis. 611, 200 N. W. 366, that a drainage district is a governmental agency and is not liable for its negligence or the negligence of its officers. Unless the drainage district is made liable by statute for injuries to its employees no liability exists. *Srnka v. Joint Dist. No. 3,* 174 Wis. 38, 182 N. W. 325; *Juul v. School Dist.* 168 Wis. 111, 169 N. W. 309. As was pointed out in the *McMahon Case, supra,* the powers and functions of a drainage district are most carefully and severely limited. We do not know under what law the appellant was organized as a drainage district,

but we hazard the statement that it well may be queried whether the law under which the drainage district was formed empowers the district to raise money by taxation or otherwise for the purpose of paying an award such as this. In view of the limited powers of drainage districts with reference to the scope of their functions as well as their powers of taxation, it cannot be said that the legislature did not intend to exclude them from liability under the workmen's compensation act.    But, at any rate, a·casus omissus does not justify judicial legislation.    Ebert v. Poston, 45 Sup. Ct. 188, decided by the United States supreme court January 12, 1925; U. S. v. Weitzel, 246 U. S. ·533, 38 Sup. Ct. 381.    Nothing but judicial legislation can make drainage districts subject to the workmen's compensation act as it existed prior to the amendment thereof by ch. 437 of the Laws of 1923, and it follows that the award cannot be sustained.

By the Court.—Judgment reversed, and cause remanded with instructions to set aside the award of the Industrial Commission.