# CASES DETERMINED

# January Term, 1926.

AGNEW and others, Appellants, vs. HOTCHKISS and others, Respondents.

*December 11, 1925—January 12, 1926.*

*Highways: State trunk system: Change or relocation: By highway commission: By legislative committee: Notice.*

1. The controlling factor in the location or change of location of highways authorized by sub. (7) (e), sec. 84.02, Stats., is the general public good and not the convenience or financial gain of those who live along any particular highway, in view of sub. (1) of that section. p. 3.
2. The power to make changes in the state highway system rests with the public acting through the legislature, and notice of a hearing before the legislature or a committee of its members delegated by it as to what changes and alterations will give improved facilities to the traveling public is not required, such notice being required only when the highway commission acts alone. p. 3.
3. Ch. 175 of the Laws of 1917, making the selection of the route of trunk highways "final," is construed to mean that the decision of the legislative committee on the selection of a route by the highway commission is not appealable or subject to review, and not to mean that the route is unchangeable. p. 4.
4. When the vote on the question whether the county should issue bonds was taken, the voters had knowledge that the highway system as it then existed might be changed pursuant to law. p. 4.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action by plaintiffs as citizens and taxpayers of the towns of Harmony and Milton in Rock county to enjoin the defendants as the highway commission of Wisconsin from

changing the route of state trunk highway No. 26 so as to pass through the village of Milton instead of through the village of Milton Junction as originally laid out. The high-way commission in conjunction with the legislative committee of 1923 had already made the change pursuant to par. (e), sub. (7), of sec. 84.02, Stats. 1923.

The specific prayer of the complaint, so far as the issue before the court is concerned, is "that the defendants, the highway commission, may be enjoined from further marking and developing and improving the newly proposed change in the state trunk highway No. 26 as aforesaid, and that the defendants, the highway commission, be required to re-mark, re-establish, and improve state trunk highway No. 26 as the same was originally laid out and established, to wit, through Milton Junction as aforesaid."

The complaint, among other things, alleges that a vote for $1,500,000 of bonds in aid of highways in Rock county was carried; that it was carried on the strength of the highway system remaining substantially as it then existed; that plaintiffs' properties are subject to such bond issue tax; that in 1921, after due hearing, the state highway commission and the special legislative committee refused to make the change now made and that such action was final; that in making the change complained of no notice was given plaintiffs or persons interested in the matter of the proposed change, and that as a result of the change plaintiffs suffer loss to their property and business by reason of tourist travel being diverted from them.

The above are the principal allegations of the complaint set out in the complaint with due legal particularity.

The defendants entered a general demurrer which was sustained, and the plaintiffs appealed.

For the appellants there were briefs by *Hall, Baker & Hall* of Madison, and oral argument by *Frank W. Hall.*

For the respondents there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

VINJE, C. J.   The opinion of the trial court so aptly and concisely disposes of the main issues that we adopt it as our own.   It says:

" 'Highways are only to be laid out when the public good will thereby be promoted.   Private considerations or inducements cannot rightly enter into the question in any degree.'   *State ex rel. Dosch v. Ryan*, 127 Wis. 599, 601, 106 N. W. 1093.   It is immaterial whether such inducements be the building of bridges or the voting of bonds by persons who are interested in the location or improvement of a particular road.   The controlling factor must always be the good of the general public and not the convenience or financial gain of the people who live along any particular highway.

"The test which the legislature has imposed is 'that the public welfare . . . be promoted or public travel be benefited by a change in the route' of such trunk highway.   Sub. (1), sec. 84.02, Stats.   The legislature empowered the highway commission and the special legislative committee 'to alter or discontinue any part of the present trunk system, if, in the opinion of the commission and committee, the alteration or discontinuance will result in giving improved facilities to the traveling public.'   Sub. (7) (e), sec. 84.02, Stats.   The road upon which the plaintiffs reside was a part of the trunk system when this statute was enacted.   The legislature must have the power to change and relocate the trunk highways of the state when public travel will be benefited by such change.   Otherwise our roads would ever follow Indian trails or calf paths.   Changes in modes of travel make imperative changes in the location and layout of our highway system.

"The power to make such changes rests with the public acting through its chosen representatives.   The representatives of the people cannot take such action as will deprive the public of the exercise of such an attribute of sovereignty.   The only issue presented is whether the highway commission and the legislative committee have complied with the requirements of the statute in making the change which is here in question in that they acted without giving any notice or holding any hearing.   The statutes require notice to be given when the highway commission acts alone. But the statute nowhere requires that notice be given before

the legislative committee acts, whether such action be taken in joint session with the highway commission or not.   The legislature could have established the trunk highway system without giving notice to every community to be affected by the changes made.   The legislature can likewise delegate to a committee of its members the power to find the fact as to what changes and alterations of the trunk highway system will give improved facilities to the traveling public, without giving notice and holding a hearing as to each change made in the existing system.

"Sub. 12 of sec. 1313 of the Statutes, being ch. 175, Laws of 1917, makes the selection of the route of trunk highways 'final.'   But it is apparent from an examination of the act of 1917 that it was not the intent of the legislature to use the word 'final' in a sense that it would preclude future changes, but only in the sense that there should be no appeal or farther review of such determination.   The legislative committee was a sort of appellate body to whom remonstrances against the system chosen by the highway commission were referred and to whom the commission could appeal when it experienced difficulty in selecting such trunk system.   The word 'final' was used in connection with these provisions to indicate that no farther appeal or review was to be permitted.   This is in accord with the well established rule that one legislature cannot bind its successors by any action that it or its committees may take.

"The action of which the plaintiffs complain does not discontinue the road upon which plaintiffs reside.   It does not even determine that the road shall not be improved with concrete.   It simply takes the road off the state trunk highway system and leaves the county and the towns to care for these highways as they shall see fit."

When the vote on the bonding question was taken and carried it was with the full knowledge of every voter that the highway system as it then existed might at any time be changed pursuant to law.   No one can therefore rightly complain because such change has been made.

*By the Court.*—Order affirmed.