BOSSHARD, Appellant, vs. HOTCHKISS and others, Respondents.

*February 12—May 11, 1926.*

*Highways: Relocation of state highway: Consent of county board: Alteration and change in highway system: Abandonment of existing highway: Failure to file map showing relocation.*

1. The relocation of a state highway involving more than five miles of road must be submitted to the county board of the county in which the change is made; but the consent of the county board to a relocation which provided that the consent should not apply if other than the specified route is selected is not conditional merely, as the proviso in no way affected or qualified the consent given.   p. 31.
2. A proceeding for the alteration of a highway under sec. 83.08, Stats., and for a change in the system of highways under sec. 84.02, may be included in the same proceeding.   p. 31.
3. The relocation of a state highway involving more than five miles of road is not the laying out of a new highway, but only a change in an existing one authorized by sec. 83.08, Stats.   p. 31.
4. A state highway may be relocated under sec. 83.08, Stats., without the abandonment of the old highway.   p. 32.
5. The fact that no definite description of the relocation of the state highway or the required map thereof was filed with the county clerk is not a matter that a taxpayer can be heard to question.   p. 32.

APPEAL from an order of the circuit court for Monroe county: R. S. COWIE, Circuit Judge. *Affirmed.*

Action to enjoin the defendants from continuing that part of state highway No. 29 "Running from a point at or near the east line of section 24, town 17, range 3 west, thence in a northeasterly direction by the most practicable, direct route through sections 19-20-17-16, town 17, range 2 west, to the point of ending of the road discontinued as a state trunk highway at or near the east line of section 16, town 17, range 2 west, Monroe county, Wisconsin."

The complaint also asks that defendants be enjoined from spending any state or federal money on the same or for

a purchase of a right of way therefor, or contracts for its construction. The defendants' general demurrer to the complaint was sustained and the plaintiff appealed.

The cause was submitted for the appellant on the brief of *John G. Graham,* attorney, and *Wm. R. McCaul,* of counsel, both of Tomah, and for the respondents on that of the *Attorney General, C. A. Erikson,* deputy attorney general, and *Suel O. Arnold,* assistant attorney general.

The following opinion was filed March 9, 1926:

VINJE, C. J. We shall assume, without deciding the question, that the circuit court had jurisdiction of the suit of a taxpayer in a matter relating to the location of highways by the defendants, and shall devote our attention to the question whether or not the complaint states a cause of action.

Plaintiff asserts that the state highway commission has no authority to lay out and construct new highways. This question is not involved in the case because the facts show that a relocation of a part of highway No. 29 was all that was undertaken and sec. 83.08, Stats., gives authority for such relocation. It is true that such relocation involved more than five miles of road, and it was therefore necessary, under the provisions of sub. (3), sec. 84.02, to submit the proposed change to the county board of Monroe county, which was done. Sub. (3) reads:

*"Changes in system.* (a) The highway commission may change the trunk highway system if it finds that the public welfare and public travel would thereby be promoted or benefited. Due notice shall be given to the localities concerned of the intention or proposal to make such change, but no change of more than five miles of the trunk highway system shall become effective until the decision of the commission making the change shall have been referred to and approved by the county board of each county in which any part of the change is situated. A copy of every decision

or order of the commission changing the trunk highway system shall be promptly filed with the clerk of each county in which the change is made."

It is claimed that such consent by the board was conditional merely because it added a proviso that it should not apply in case a different route was selected. That would have been true had no proviso been added, so the proviso in no way affected or qualified the consent.

There is nothing in the statutes to prevent the same proceeding, as here, from being both one for an alteration of a highway under sec. 83.08 and one for a change in the system of highways under sec. 84.02. The two can be included in the same proceeding.

When we consider the fact that the present ordinary state highway is from fifty to several hundred miles long, a relocation of five or ten miles or more is not in fact the laying out of a new highway but only a change in an existing one authorized by sec. 83.08, Stats. It reads as follows:

"83.08 *Relocation; acquisition right of way.* (1) Whenever the state highway commission shall deem it necessary for the proper construction, improvement or maintenance of any state trunk highway or prospective state highway or state highway or any bridge thereon to change or relocate the same, the commission shall so order, and shall prepare a plat or map showing the old and new locations, and shall file a copy of such order and plat with the county clerk and the county highway committee. It shall thereupon be the duty of the county highway committee to deal by contract, if possible, with the owners of the land required for and of the premises to be affected by such change, and to make provision for such change within thirty days after the filing of said copy. The contract shall be in writing, shall name the county as grantee of the lands acquired, and shall be signed on the part of the public by the committee, and shall be filed with the county clerk and may be recorded in the office of the register of deeds. Such contract shall not be

binding until approved by the state highway commission. The price of lands acquired, including any damages allowed and other expenses connected with the matter, shall be paid out of the funds available for the work, except in case of federal aid projects in which case payment shall be made as provided in section 84.04.

"(2) If for any reason the needed lands cannot be acquired by contract, the county highway committee shall acquire the same by condemnation proceedings in the manner provided by chapter 32 of the statutes or by section 83.07.

"(3) Section 80.03 shall not apply to the proceedings under this section.

"(4) Whenever a relocation is made of a section of highway previously constructed with joint county and town or state funds, the benefits assessed against any town for construction thereof under the provisions of section 84.03 shall not exceed five hundred dollars per mile of road so relocated."

It is urged that this is not a change in No. 29 because the old highway was not abandoned. While abandonment of the old highway is usually an incident to a relocation it is not necessarily so. There may be a relocation without the abandonment of the old highway. This is evidenced by the frequent conditions we have where a right-angle turn at a cross-road is avoided by a gentle curve from one road to the other. Usually the old highway to the cross-road is kept in use to permit those who wish to depart from the state highway at such point to do so.

It is also claimed that no definite description of the highway or the required map thereof was filed with the county clerk. Even if this be true it is a matter that a taxpayer cannot be heard to question. *Agnew v. Hotchkiss,* 189 Wis. 1, 206 N. W. 849.

The State has filed a very helpful brief showing the extent of the authority of the highway commission in highway matters, and calling our attention to a large number of instances where changes, such as here, have been made in state highways. We do not make full use of this brief

because we prefer to leave questions not here involved un-
decided till they arise.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on
May 11, 1926.