New Holstein v. Industrial Comm. 191 Wis. 93.

TOWN OF NEW HOLSTEIN, Appellant, vs. INDUSTRIAL COM-
MISSION ·OF WISCONSIN and another, Respondents.

*May 15—October 12, 1926.*

*Workmen's compensation: Towns as employers: Minor without
permit to work: Statute placing burden of proof on employer:
Constitutionality.*

1. Under the workmen's compensation act, as it stood in 1923, a
   town, which was an employer subject to the act because of
   sub. (1), sec. 102.04, Stats., was liable, under sub. (7) (a),
   sec. 102.09, for treble damages for an injury to a minor
   employed by it without a written permit issued pursuant to
   sec. 103.05, irrespective of the legality of the employment.
   pp. 94, 95.
2. The compensation act, placing upon an injured minor's em-
   ployer the burden of proving that the minor will probably
   not earn $1,400 after majority, on which compensation is
   otherwise assessed, pursuant to sub. (1) (e), sec. 102.11,
   Stats., is constitutional as to employers, who under the act are
   free to elect whether they will accept its provisions. p. 95.
3. As to subdivisions of the state that come under the compensa-
   tion law by force of statute, the state may prescribe reason-
   able regulations as to their liabilities; and placing upon them
   the burden of showing that a minor would probably not earn
   $1,400 after attaining his majority is not so unreasonable as
   to be unconstitutional. p. 96.
[4. *Quære,* whether a subdivision of a state can question the con-
   stitutionality of liabilities placed upon it by the state.] p. 96.
   ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The *Industrial Commission* awarded *George Daun,* a
minor of permit age, employed by plaintiff on road work
without a permit, treble damages under sub. (7), sec.
102.09, Stats. 1923. *Daun* was employed to load stones
on wagons. One Ridgeway, not a co-worker, struck a large
stone with a hammer, and a piece of the stone or hammer
flew off and hit *Daun's* eye and destroyed its sight.

The *Commission* found that *Daun,* who was sixteen years old at the time of the injury and earning an average wage of $945, would probably earn an average wage of $1,400 after arriving at the age of twenty-one years, and assessed the normal compensation at $2,750.03, payable by the town or its insurance carrier, and the further sum of $5,500.06, primarily payable by the town. From a judgment affirming the award the plaintiff appealed.

*Helmuth F. Arps* of Chilton, attorney, and *F. Ryan Duffy* of Fond du Lac, of counsel, for the appellant.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

The following opinions were filed June 21, 1926:

VINJE, C. J. We need not determine whether or not the employment of *Daun* by the town without a permit was illegal, or whether the town as a *quasi*-municipal corporation was subject to the child labor law. As the workmen's compensation law stood at the time of the injury to *Daun,* it made by sub. (1), sec. 102.04, Stats. 1923, the town an employer under the act. It further declared by sub. (7), sec. 102.09, that

"Compensation and death benefits, as provided in sections 102.03 to 102.34, inclusive, shall, in the following cases, be treble the amount otherwise recoverable: (a) If the injured employee be a minor of permit age and at the time of the accident is employed, required, suffered or permitted to work without a written permit issued pursuant to section 103.05."

Thus in plain language the legislature said that a town employing a minor without a permit must respond in treble damages if an injury occurs to the minor in the course of such employment. It is not the province of the court to

construe away this unmistakable legislative mandate. Since this injury occurred, sub. (7), sec. 102.09, by ch. 384, Laws of 1925, has been amended to read as follows:

"When the injury is sustained by a minor *illegally* employed, compensation and death benefits, as provided in sections 102.03 to 102.35, shall be as follows."

Had the accident occurred under this law the question of the legality of *Daun's* employment without a permit would have arisen; but we hold it does not arise under a law which says to an employer under the workmen's compensation act that the employment of a minor of permit age without a permit subjects the employer to treble damages. The liability to treble damages under such a statute arises when there is an employment of a minor of permit age without a permit, irrespective of the legality or illegality of the employment. The act was intended to safeguard the health and life of minors and should receive a liberal construction in order to effectuate that purpose. The legislature made no exceptions in favor of the state or its subdivisions and the court can make none.

Claim is made that the evidence does not sustain the finding that after twenty-one years of age *Daun* would probably earn $1,400 per year. We have examined the evidence with the result that we cannot say there is no sufficient basis for the finding of the *Commission,* giving to its findings that conclusiveness the statute requires.

It is also urged that the statute is unconstitutional because it places upon the employer the burden of proving that the minor would probably not earn $1,400 after majority. Sub. (1) (e), sec. 102.11, provides: "Unless otherwise established his earnings shall be taken as equivalent to the amount upon which maximum weekly indemnity is payable." As to employers who come voluntarily under the act, the

argument is met by the supreme court of the United States where it says:

"More than this, the employer in this case having elected to accept the provisions of the law, and such benefits and immunities as it gives, may not escape its burdens by asserting that it is unconstitutional. The election is a waiver and estops such complaint." *Booth Fisheries Co. v. Industrial Comm.* (U. S.) 46 Sup. Ct. 491.

As to subdivisions of the state that come under the compensation law by force of statute, as the plaintiff did in this case, it is clear that the state may prescribe reasonable regulations as to their liabilities under the law. The placing upon them the burden of showing that a minor would probably not earn $1,400 after majority cannot be said to be so unreasonable as to be unconstitutional, assuming that a subdivision of a state can question the constitutionality of liabilities placed upon it by the state.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). Appellant town, the designated agent of the state for that purpose, was performing the governmental duty of repairing the public highway, and for negligence in so doing there is no liability to respond in damages except by express statute. *Uecker v. Clyman,* 137 Wis. 38, 39, 118 N. W. 247; *Bremer v. Milwaukee,* 166 Wis. 164, 167, 164 N. W. 840.

Only because there was no prior written permit authorizing the employment of the minor by the town, it is now compelled to pay treble compensation, and this under sub. (7) (a), sec. 102.09, Stats., providing for such treble damages if the minor be of permit age (which clearly means the age at which he may lawfully be employed provided permission is obtained), and at the time of the accident he is employed without a *written permit issued pursuant to sec. 103.05.* There is here presented no question of employment of one who was under the age at which employ-

ment in such work is absolutely and under all conditions prohibited, and the contract of employment was valid.

Manifestly if no provision is made in said sec. 103.05 for a written permit in such a particular instance there can be no violation of the statute here invoked. To provide for treble damages for failing to obtain a permit would reasonably and naturally raise the presumption that there must be provision in such sec. 103.05 for the issuing of such permit. Otherwise it is a requirement for a vain and idle ceremony. By said sec. 103.05 in ch. 103, which is confined to employment regulations, the terms employment, employer, employee, etc., are to be construed as defined in sec. 101.01, part of ch. 101, providing for the *Industrial Commission.* By sub. (3), sec. 101.01, in defining "employer" no reference is made to the state, county, town, city, or village, or any municipal corporation as being an employer; by sub. (13) of the same sec. 101.01, however, when it comes to defining the term "owner of public buildings" there is express reference to just such municipal bodies and specifically includes towns. If it had been intended, therefore, to include towns within the class of employers who are required to obtain permits, there can be no doubt but that it would have been expressed in sub. (3) as it is in sub. (13) of sec. 101.01.

This view is, I think, emphasized by the fact that sub. (7) (b), immediately following the one here relied upon, viz. sub. (7) (a), sec. 102.09, makes express provision for the same treble damages to one of permit age *or over* employed at *prohibited employment.*

No contention is made or well could be made that this particular employment was of such a nature that it was dangerous to the health of a boy of almost seventeen years, capable of earning an average annual wage of $945, or that the *Commission* had so determined or could, with any propriety, so determine, if the question had been presented to it.

The amendment subsequent to this injury by ch. 384 of

New Holstein v. Industrial Comm. 191 Wis. 93.   Dissent.

the Laws of 1925, quoted in the majority opinion, which inserted the word "illegally," to my mind indicates that it was intended rather to make more certain and definite the legislative intent than to change the law as it stood at the time of this injury.   If the town had asked for a written permit prior to the starting of the minor at the employment, the only proper answer that it could then have received would have been that there was no provision requiring such a permit by a town and that such employment was legal.

Being but an arm of the state in performing a governmental function, I think the town can rely upon the established rule that general laws apply to it only when in its favor, and express provision to that effect must appear to create a liability against it.   *Sullivan v. School Dist.* 179 Wis. 502, 507, 191 N. W. 1020; *Milwaukee v. McGregor,* 140 Wis. 35, 37, 121 N. W. 642; *State v. Milwaukee,* 145 Wis. 131, 135, 129 N. W. 1101.

The statute here creates a liability under a classification expressly declared to be of *employers,* not of *minors (Brenner v. Heruben,* 170 Wis. 565, 573, 176 N. W. 228), and it should appear on the face of the statute that the town, here an arm of the state and placed under the workmen's compensation act by statute and not by choice, is the kind of employer liable for such increased compensation.   The reasoning and logic in the opinion by Mr. Justice Owen in *Rusk Farm D. Dist. v. Industrial Comm.* 186 Wis. 232, 202 N. W. 204, showing that a drainage district is not under the workmen's compensation act, if applied here would prevent, as I see it, the result reached by the majority.

Stevens, J., took no part.

A motion for a rehearing was denied, without costs, on October 12, 1926.