KOSHKONONG MUD CREEK DRAINAGE DISTRICT and others, Appellants, vs. BODEMAN and others, Petitioners, Respondents.

*October 12—November 7, 1928.*

262

For the appellants there were briefs by *Buell & Lucas* and *Olin & Butler,* attorneys, and *R. M. Rieser,* of counsel, and oral argument by *F. W. Lucas* and *H. H. Thomas,* all of Madison.

For the respondents there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *Frank W. Hall.*

The following opinion was filed November 7, 1928:

ESCHWEILER, J. Such decisions as *McMahon v. Lower Baraboo River D. Dist.* 184 Wis. 611, 614, 200 N. W. 366; *Rusk Farm D. Dist. v. Industrial Comm.* 186 Wis. 232, 202 N. W. 204; *In re Dancy D. Dist.* 190 Wis. 327, 208 N. W. 479, and cases there cited, have so recently declared that these drainage districts are of the nature of *quasi*-municipal cor-

porations with but limited, and purely statutory, authority, and very restricted, if any, corporate liability, that the general subject need not now be further discussed. Being created as they are solely to function in performing a governmental duty and not being created to hold title to property or act in any substantial manner as might a private corporation, they are not by mere fact of creation with nominal corporate designation thereby in any manner endowed with perpetual existence, but are at all times subject to change, modification, or death by their creator, the legislature. *State ex rel. Zilisch v. Auer,* decided herewith (*post,* p. 284, 221 N. W. 860, 223 N. W. 823).

That the existing law at the time of the organization of the Koshkonong district in 1909 contained no express provision for dissolution such as is found in sec. 89.665, Stats., quoted above, is immaterial, for the possibility of such a provision must be deemed to have surrounded the law at all times. *Agnew v. Hotchkiss,* 189 Wis. 1, 4, 206 N. W. 849.

It might be sufficient to dispose of this entire matter upon the statement just above made, namely, that such a creation of the legislature is within no federal or state constitutional inhibition preventing the legislature, which alone has the power or right to blow the breath of life into it, to also, when it will and as it will, blow the same out again; but in view of the earnestness with which the attack is made upon this amendment so authorizing dissolution proceedings, we shall take up some of the detailed objections.

It is urged that the district being organized under a then statute containing no express provision for dissolution and having been declared by a proceeding in court as being duly organized, that thereby such proceedings became, in substance and form, a judicial decree with all the solemnity attached to judgments and with consequent rights adherent thereto, so that it was beyond the constitutional power of the legislature to alter or change the same or take away the effect thereof. It is not necessary, however, to here discuss

to what extent, if any, the legislature, a co-ordinate branch of the government, may change rights or obligations secured by formal decree of the judicial co-ordinate branch of the same government. It is enough here to again declare that proceedings of this kind, namely, the organization of such districts, are purely legislative and administrative matters, and that the function of a court in such matters is limited to ascertaining whether or not the facts which the legislature has prescribed must be in existence before such a district is created are or are not present in any given situation, and when found to be in existence those facts themselves, under the legislative will, create the district. It is not done, therefore, by judicial but by legislative fiat.

It is further urged that persons joining in the creation of the district, either as voluntary petitioners or otherwise, became clothed with certain property rights in connection with the assessments made, money paid, and work done and benefits resulting to the property involved, and that such property rights cannot thereafter be destroyed by any dissolution proceedings.

We know of no recognized theory in the law upon which it can be said that in the exercise of its police power, within the field of which it is conceded these are, the state confers upon persons, directly or indirectly affected thereby, a property right to have a perpetual continuing of such particular police power or any right to object to the withdrawal of such prior particular exercise of that power except upon compensation. To uphold appellants' contention in this regard, however, would be to overlook the plain and wide distinction repeatedly declared to exist between that which is done under the legislative power of eminent domain and that which is done in the exercise of its police power.

It is claimed that inasmuch as under the police power a drainage district is to be created only in case the public health and welfare is to be benefited thereby, and that the

amendment here, sec. 89.665, contains no statement that it is a police-power measure or made for a benefit to public health or welfare, that no presumption can be indulged in that the legislative will was to exercise its police power. We do not think, however, that any specific label or declaration is an essential which must appear in the letter of a law in order to support its validity. Matters of such a nature are matters of public policy on which changing legislatures may have changing views. That it is the present public policy to do away, so far as the future is concerned, with any further organizations under the particular form of drainage law such as is and was the law under which this district was created, is clearly shown by ch. 41 of the Laws of 1925 (now sec. 89.71), providing, in substance, that there will be thereafter no future organization of districts under this particular ch. 89. Further, it is clear that some measure of adequate, if not complete, relief can be obtained under the present farm drainage law.

It is further asserted that the contract of 1912 between the Rattle Snake and the Koshkonong districts, the material parts of which are given above, gave the Rattle Snake district such contract rights with the Koshkonong district that the legislation here invoked for the dissolution of the Koshkonong district would impair the value of such contract rights and be therefore in violation of the federal and state constitutions. We find nothing, however, in that contract upon which any such claim could be based even if the possibility that such peculiar rights could exist were conceded.

Error is assigned to the ruling of the trial court in striking out the answer and objection to the petition interposed by the commissioners of the Koshkonong district itself. We deem it unnecessary to determine here whether the trial court was right or wrong in so ruling. The district, as such, by its commissioners urged no other grounds for objecting to the petition for dissolution than were urged by the others

268

who were allowed to contest and some of whom appear by the same counsel who appeared for the district itself. Therefore the result reached would be the same, and no practical benefit gained to the district or any one else were such question considered, even were a conclusion reached that it was a proper or necessary party. We therefore express no opinion on such question.

Under the terms of the appeal before us we find no other question than the one here decided as to the constitutionality of sec. 89.665, *supra*.

*By the Court*.—Judgment affirmed.

A motion for a rehearing was denied, without costs, on January 23, 1929.